623 So.2d 593 (1993)
The BOARD OF TRUSTEES OF the INTERNAL IMPROVEMENT TRUST FUND, etc., et al., Appellants,
v.
The SEMINOLE COUNTY BOARD OF COUNTY COMMISSIONERS, et al., Appellees.
No. 92-2350.
District Court of Appeal of Florida, Fifth District.
August 27, 1993.
*594 M.B. Adelson, IV, Tallahassee, for appellant.
G. Stephen Pfeiffer, General Counsel, and Karen Brodeen, Asst. General Counsel, Tallahassee, for amicus curiae Florida Dept. of Community Affairs on behalf of appellant.
Robert A. McMillan and Lonnie N. Groot, Sanford, for appellee Seminole County Bd. of Com'rs.
Miranda F. Fitzgerald and Kim C. Bechtol of Maguire, Voorhis and Wells, P.A., Orlando, for appellee Miller Enterprises, Inc.
DAUKSCH, Judge.
The Florida Department of Natural Resources (DNR) and the Board of Trustees of the Internal Improvement Trust Fund for the State of Florida, (the board of trustees), appeal the trial court's dismissal of their complaint for lack of jurisdiction.
This case began on December 10, 1991 when the county approved an application by Miller Enterprises, Inc. to rezone a parcel of land from agricultural to planned commercial development. The application was approved after a public hearing. On December 11th the current planning manager wrote a letter to Miller Enterprises' attorney informing her that the county had approved her client's rezoning application. He said in the letter that the rezoning was subject to a development order, attached to the letter, which needed to be signed by her client, notarized and returned to his office for recording. The letter also says "The rezoning does not become effective until signed and should the Development Order not be signed within Sixty (60) days of the Board's action, the rezoning would be null and void ..."
The development order attached to the planning manager's letter grants Miller Enterprises' application for development approval. Factual findings contained in the order state that the development approval sought is consistent with the Seminole County Comprehensive Plan and the Wekiva River Protection Act and does not adversely impact adjacent publicly-owned lands. The order acknowledges that Miller Enterprises, owner of the property, specifically agrees to several conditions set out in the order.
Both the county and Miller Enterprises executed the development order on February 7, 1992 and it then became a development plan "permitting the development of land." Section 163.3164(7), Fla. Stat. (1991). The development order that was actually signed contained minimal changes in the conditions required for development approval. The following language also appears next to the "approving authority's" signature: "As approved and authorized for execution by the Board of County Commissioners at their meeting of December 10, 1992."
On March 9, 1992, DNR and the board of trustees filed a verified complaint with the county alleging that the development order was inconsistent with its comprehensive plan and with the Wekiva River Protection Act. The county adopted a resolution rejecting those allegations contained in the complaint. On April 23, 1992, DNR and the board of trustees filed a complaint in the circuit court seeking declaratory and injunctive relief from the development order. They argued *595 that the order was violative of the county's comprehensive plan and the Wekiva River Protection Act. They did not provide the trial court with a transcript of the public hearing. Miller Enterprises moved to intervene as a party-respondent and the Florida Department of Community Affairs moved to intervene as a party-petitioner.
Miller Enterprises and the county moved to dismiss the complaint filed in the circuit court by DNR and the board of trustees. Following a hearing on the matter, the trial court dismissed the complaint with prejudice for lack of jurisdiction. The court noted that section 163.3215(3)(b), Florida Statutes (1991) provides that suit under that section is "the sole action available to challenge the consistency of a development order." It found that DNR and the board of trustees had failed to comply with the statutory condition precedent to filing suit under section 163.3215(1) by failing to file its verified complaint with the county no later than 30 days after its alleged inconsistent action on December 10, 1991, the date Miller Enterprises' rezoning application was approved. The court found that the verified petition, dated March 9, 1992, was filed 90 days after the county's approval of the application.
To the extent that the complaint filed by DNR and the board of trustees in circuit court raised any issue other than the alleged inconsistency of the county's rezoning action, the trial court determined that it would be treated as a petition for writ of certiorari. Citing Florida Rule of Appellate Procedure 9.100(c) which requires that a petition for writ of certiorari be filed within 30 days of rendition of the order sought to be reviewed, the court deemed the petition untimely. It found that the petition was filed on April 23, 1992, 76 days after the development order was issued and therefore rendered on February 7, 1992. We affirm.
The issue in this case is whether the 30-day period for filing a verified complaint, set forth in section 163.3215(4) above, begins to run from the date of the county's approval of Miller Enterprises' rezoning application or from the date of its execution of the development order. Miller Enterprises and the county contend that the alleged inconsistent action occurred on December 10, 1991 when the county approved Miller Enterprises' rezoning application whereas DNR and the board of trustees contend that it occurred on February 7, 1992 when the county executed the development order.
Sections 163.3215(3)(b) and (4), Florida Statutes (1991) provide the following:
163.3215 Standing to enforce local comprehensive plans through development orders. 
* * * * * *
[3](b) Suit under this section shall be the sole action available to challenge the consistency of a development order with a comprehensive plan adopted under this part. [emphasis supplied].
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action... . [emphasis supplied].
The state argues that because Miller Enterprises wanted changes to the development order initially issued by Seminole County, the development order was not effective until February 7, 1992 when both parties to the order had signed it. The term "Development Order" is defined in section 163.3164(6), Florida Statutes, as "any order granting, denying, or granting with conditions an application for a development permit." The definition contemplates that an application by a landowner can be granted with conditions such as was done in this case. It is nevertheless a development order and was inconsistent *596 with what DNR and the board of trustees perceived to be the requirements of the county's comprehensive plan. The alleged inconsistency was characterized by the appellants in the broadest terms: the allowance of a "convenience store or other commercial use of the property." It is actually immaterial to the appellant's complaint as to what the conditions were in the order. The conditions were all part of a planned use as a convenience store.
Section 163.3164 defines both a development order in subsection (6) and a development permit in subsection (7). The latter is the action "permitting the development of land." The former takes the initial action as an application for a development permit by informing a landowner of local government's decision to grant, deny or grant with conditions.
We agree with the trial court that the county's initial approval of Miller Enterprises' rezoning application on December 10, 1991 is the alleged inconsistent action from which the 30-day period for filing the verified complaint begins. We agree with the argument of Miller Enterprises and the county that the incorrect statement contained in the county planning manager's letter that the rezoning does not become effective until signed is legally insufficient to extend the statutory period for challenging the county's action. We further reject the argument by DNR and the board of trustees that an applicant's fulfillment of the conditions of a development order are a prerequisite to placing an aggrieved or adversely affected party on notice as to the county's action of approving or denying a rezoning application. Thus, we conclude that the trial court correctly found that DNR and the board of trustees did not comply with the statutory condition precedent to invoking its jurisdiction under section 163.3215(4) by filing a verified complaint within 30 days of the county's alleged inconsistent action.
Finally, section 163.3215(3)(b) provides that suit for injunctive or other relief under that section is the sole action available to challenge the consistency of a development order. To the extent that DNR and the board of trustees challenge the county's approval of Miller Enterprises' zoning application as violative of the Wekiva River Protection Act, they are limited to certiorari review. See City of Fort Pierce v. Dickerson, 588 So.2d 1080 (Fla. 4th DCA 1991) (certiorari is proper method of review for quasi-judicial proceedings or those which require notice and a hearing and a decision which is contingent on a showing made at the hearing); Hirt v. Polk County Bd. of County Comm's, 578 So.2d 415 (Fla.2d DCA 1991) (same); Walgreen Co. v. Polk County, 524 So.2d 1119 (Fla.2d DCA 1988) (same). Because their verified complaint was filed more than 30 days after the development order was rendered within the meaning of Florida Rule of Appellate Procedure 9.100(c)(1), it is again untimely.
AFFIRMED.
COBB and PETERSON, JJ., concur.