RYDER, Acting Chief Judge.
Mr. and Mrs. Moore seek review of the trial court’s order dismissing their complaint against the City of Punta Gorda for failure to comply with a condition precedent contained in section 163.3215, Florida Statutes (1991). We reverse.
The City of Punta Gorda denied the Moores’ request to construct a boat elevator next to their existing pier that extends into Charlotte Harbor. The Moores filed a three-count complaint in circuit court seeking review of the City’s decision. Count one sought declaratory relief; count two was a petition for writ of certiorari, and count three a petition for writ of mandamus. The City moved to dismiss the complaint on the grounds that the Moores had failed to comply with the statutory condition precedent to filing suit in circuit court stated in section 163.3215.[1] The lower court dismissed the Moores’ complaint on this basis.
At the time of its decision, the lower court did not have the benefit of the supreme court’s ruling in Parker v. Leon County, 627 So.2d 476 (Fla.1993), where the court held that section 163.3215 applied only to third parties who wished to intervene in order to challenge the consistency of a development order with a comprehensive plan. Under Parker, section 163.3215 does not apply to property owners, such as the Moores, whose application has been denied. They are, therefore, not required to comply with section 163.3215’s condition precedent and their complaint was improperly dismissed on this basis.
The dismissal of the complaint for failure to comply with section 163.3215, Florida Statutes (1991) is reversed and this case is remanded to the trial court with directions to reinstate the Moores’ suit.
CAMPBELL and THREADGILL, JJ., concur.

. Section 163.3215(4), Florida Statutes (1991), states:
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action. Failure to comply with this subsection shall not bar an action for a temporary restraining order to prevent immediate and irreparable harm from the actions complained of.