649 So.2d 276 (1995)
Theodore R. TURNER, Appellant,
v.
SUMTER COUNTY, BOARD OF COUNTY COMMISSIONERS, APPELLEE.
No. 94-1159.
District Court of Appeal of Florida, Fifth District.
January 13, 1995.
As Amended on Denial of Rehearing or Clarification February 17, 1995.
C. David Coffey, of McPherson, Coffey & Kalishman, P.A., Gainesville, for appellant.
Christopher C. Ford, of Ford & Associates, Tavares, for appellee.
GRIFFIN, Judge.
Theodore R. Turner ["Turner"] seeks review of the dismissal of a complaint for certiorari and mandamus which challenges an order of Sumter County, granting a third party's application for a mining permit. Although purportedly a timely complaint for certiorari[1] challenging issuance of the permit in violation of Sumter County's Mining Ordinance, the complaint plainly alleges that the mining ordinance is part of Sumter County's Comprehensive Plan and that it "implements the Plan's determination of vested rights as it relates specifically to mining." Turner claims issuance of the permit does not comply with the comprehensive plan because the permittee does not meet the criteria for vested mining rights.[2] In the main, Turner seeks to challenge an earlier determination by the county that third parties had vested rights, which was the predicate for issuance of the permit. We agree with Sumter County that Turner's remedy for this claim was an action under section 163.3215, Florida Statutes (1991), Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993); Parker v. Leon County, 627 So.2d 476 (Fla. 1993); Board of Trustees of Internal Improvement Trust Fund v. Seminole County Bd. of County Comm'rs, 623 So.2d 593, 595-596 (Fla. 5th DCA 1993), review denied, 634 So.2d 622 (Fla. 1994), not certiorari review of the issuance of the permit. In so doing, we do not mean to suggest that a county's noncompliance with its own ordinances is limited to a section 163.3215 remedy simply because the ordinance is *277 made part of the comprehensive plan. After studying the complaint, however, it is clear that the gravamen of this action is the county's decision to enter into a settlement of the vesting issue with the third parties. Appellant filed a section 163.3215 proceeding but elected not to pursue it.
Appellant does marginally raise one other issue, however  whether the county complied with the requirements of due process in the permit issuance procedure followed in June 1993. As formulated, this is not a section 163.3215 issue and it does not appear the claim should have been dismissed for untimeliness under the cases interpreting that statute. Turner's due process argument is obscure but, on this record, it does not appear to have been subject to dismissal as tardily filed. Without commenting on the merits of this issue, or Turner's standing to assert it, we reverse the appealed order and remand as to that issue only.
AFFIRMED in part; REVERSED in part.
HARRIS, C.J., and W. SHARP, J., concur.
NOTES
[1] The "complaint" was filed pursuant to Florida Rule of Civil Procedure 1.630.
[2] As expressed by appellant: "[T]he record reveals that the Dixon property could not, consistent with Sumter County law, be found to be vested. The Settlement Agreement, however, purports to recognize the Dixon property as vested in a manner that is inconsistent with Ordinance No. 90-12 without first amending the requirements of Ordinance No. 90-12." Ordinance 90-12 was concededly part of the Comprehensive Plan.