679 So.2d 353 (1996)
Donald A. GARREPY, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-537.
District Court of Appeal of Florida, Fifth District.
September 6, 1996.
Donald A. Garrepy, Orlando, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Childs, Assistant Attorney General, Daytona Beach, for Respondent.
COBB, Judge.
Donald A. Garrepy seeks review of an appellate order of the circuit court dismissing an appeal of a judgment of the county court.[1] We find the circuit court departed from the essential requirements of law by dismissing *354 the entire appeal including the imposition of costs and fees where no final order of adjudication was entered; therefore, we grant the petition for writ of certiorari in part as to the cost issue and quash that portion of the circuit court's order of dismissal. See Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995).
Garrepy was found guilty of resisting an officer without violence, a misdemeanor. The county court entered an order withholding adjudication and ordering Garrepy to report to resolution counseling. The county court's order of disposition assessed $272.50 in costs and fines. The trial court also entered a final judgment assessing $338.98 in attorney's fees against Garrepy. Pursuant to an appeal of the order of disposition and judgment, the circuit court dismissed Garrepy's appeal on the basis that the county court's rulings were not appealable because adjudication was withheld.
Article I, § 19, Florida Constitution, prohibits courts from compelling a person to pay costs before a judgment of conviction has become final. The circuit court's refusal to review the costs imposed in a non-final order withholding adjudication represents a departure from the essential requirements of law. In the case of Martin v. State, 600 So.2d 20 (Fla. 2d DCA 1992), the defendant, in circuit court, was found guilty of petit theft. The trial court entered an order withholding adjudication and imposing court costs. The defendant appealed. The Second District dismissed the appeal to the extent that review of the jury verdict was sought because the order withholding adjudication was not final, there being no adjudication of guilt nor sentence imposed. However, the court did treat the appeal as a petition for writ of certiorari insofar as the costs were concerned. The court struck the costs as illegally imposed because there was no final judgment of conviction entered. Likewise, Garrepy is entitled to a review of those costs imposed without a final adjudication of guilt. The circuit court, in its appellate capacity, should have reviewed those costs by certiorari as did the court in Martin. See Fla. R.App. P. 9.040(c).
Accordingly, we grant the petition for writ of certiorari in part and quash the circuit court's order of dismissal as to the issue of costs.
PETITION FOR WRIT OF CERTIORARI GRANTED IN PART; ORDER QUASHED IN PART.
PETERSON, C.J., and ANTOON, J., concur.
NOTES
[1] We have elected to treat Garrepy's notice of appeal of the circuit court's appellate order of dismissal as a petition for writ of certiorari.