SHAHOOD, Judge.
We reverse the final order dismissing appellants’ Amended Verified Complaint against the Village of North Palm Beach.
On February 14, 1995, after several preliminary hearings, the North Palm Beach Planning Commission granted, pursuant to article III, division 3, section 6-56 of the North Palm Beach Code,[1] preliminary approval for a “certificate of appropriateness” for construction of a “Target” store. On May 10, 1995, pursuant to section 6-56 and section 6-58,[2] the Planning Commission issued a final certificate of appropriateness for the project.
On June 9, 1995, as required by section 163.3215(4), Florida Statutes (1993), as a condition precedent to institution of an action *165 under that section, appellants filed a “verified complaint” with the Village challenging the Planning Commission’s approval of the project as being contrary to the Village’s comprehensive development plan. Thereafter, after denial of relief by the Village, appellants instituted the instant action.
The appellants’ Amended Verified Complaint filed on June 9, 1995 alleged that “On May 10,1995, the planning commission of the Village of North Palm Beach approved the final certificate of appropriateness therefore enabling the applicant to obtain a building permit and begin construction of the Target Store.” In addition, the Amended Verified Complaint farther alleged that “The certificate of appropriateness is a development order as such term is defined by Florida Statutes Section 163.3164(7).”
Section 163.3215(4), Florida Statutes (1993), reads:
(4) As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of setting forth the facts upon which the complaint is based and the relief sought by the complaining party. The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken....

Id.

In its final order of dismissal of appellants’ amended verified complaint, the trial court found the instant case to be similar to Board of Trustees v. Seminole County Board of County Commissioners, 623 So.2d 593 (Fla. 5th DCA 1993), rev. denied, 634 So.2d 622 (Fla.1994), and concluded that appellants’ cause of action was untimely in that the thirty day filing requirement began to run on February 14, 1995, and not May 10, 1995. We disagree.
The Board of Trustees case was a rezoning case and therefore distinguishable from the instant case. In this ease, the Village code required two proceedings, which might be characterized as a “preliminary hearing” and a “final hearing,” as a condition precedent to site plan approval. Under the Village code the final site plan approval, if approved at the “final hearing”, is a development order granting an application for a development permit. The Board of Trustees case, which involved rezoning of a parcel of land from agricultural to planned commercial development, required no such “preliminary hearing” or “final hearing.”
The May 10,1995 final certificate of appropriateness was a development order which granted an application for a development permit which had the effect of permitting the development of land as such terms are defined by sections 163.3164(7) and (8), Florida Statutes (1993). In addition, the May 10, 1995 final approval was a development order which materially altered the use or density or intensity of use on a particular piece of property enabling appellants to challenge such action as being inconsistent with the comprehensive plan of the Village in accordance with section 163.3215(1), Florida Statutes (1993). A site plan approval is a development order under the Village code if it is final, and not a preliminary site plan approval.
Thus, the final approval on May 10, 1995, under the Village code, is a development order authorizing the issuance of a development permit which had the effect of permitting the development of land which materially altered the use or density or intensity of the property. Therefore, the verified complaint was, in fact, filed within thirty days after the alleged inconsistent action had been taken. May 10, 1995, not February 14,1995, was the operative date of the final inconsistent action.
Accordingly, we reverse the final order of dismissal and remand for further proceedings in accordance with this opinion.
Reversed and remanded.
GUNTHER, C.J., concurs.
STONE, J., dissents with opinion.

. Section 6-56 provides that "[u]pon finding the preliminary exterior drawings, sketches, landscape and site plans and materials are appropriate to, or compatible with, the character of the immediate neighborhood and will tend to effect the general purposes of the appearance plan, the board will issue a preliminary approval. Such approval will be irrevocable and malees the issuance of the certificate of appropriateness mandatory upon application, unless the final presentation does not comply in all respects with the preliminary presentation upon which the preliminary approval was based.”

. Section 6-58 reads, in part: If preliminary hearings have been held on the project for which application is being made, and preliminary approval has been issued by the planning commission as provided in section 6-56 the planning commission shall issue a certificate of appropriateness immediately, provided that the final drawings, plans and material as presented comply in all respects with the preliminary presentation upon which the preliminary approval was based.