PER CURIAM.
Petitioner Holden Avenue Inter-Neighborhood Counsel, Inc. (“Holden”) seeks eertiora- *1003 ri review of the order of the circuit court in its appellate capacity granting respondent Orange County’s motion to dismiss. Under the circumstances presented, we grant the petition, issue the writ, and remand with instructions to deny the motion to dismiss.
On August 27, 1997, the Orange County Board of County Commissioners (“the Board”) approved the Holden Cove preliminary subdivision plan. On September 5, 1997, Holden filed its notice of intention to file a petition for writ of certiorari to review the decision of the Board. The notice of intention was explicitly filed pursuant to section 30-90 of the Orange County Code, which provides in pertinent part:
Any person aggrieved by the board of county commissioners’ decision on the subdivision plan or plat may file a petition for writ of certiorari as provided by the Florida Appellate Rules in the circuit court of the county, in chancery, to review the decision of the board of county commission-ers_ A notice of intention to file petition for writ of certiorari shall be filed in the circuit court within ten (10) days after the decision of the board of county commissioners is filed in the office of the clerk of the board of county commissioners, and at the same time a copy shall be served on the clerk of the board of county commissioners. The petition together with the record of the proceedings including the transcript of the testimony of the witnesses, the documents and exhibits filed with the board of county commissioners, and the order of the board of county commissioners shall be filed in the circuit court within sixty (60) days after the filing of the ruling by the board to which such petition is addressed, except the court may extend the time for filing the petition and transcript for good cause shown.... (Code 1965, § 32-42; Laws of Fla. ch. 65-2015, § 12)
On October 27, 1997, Holden filed its petition for writ of certiorari in the Orange County circuit court to review the decision of the Board. It is uncontroverted that the notice of intention was filed within ten days as required by section 30-90 of the Orange County Code and that the petition for eertio-rari itself was timely filed within sixty days as also required by section 30-90. In response to the circuit court’s show cause order, respondent Orange County filed its motion to dismiss for failure to timely file the petition.
Agreeing with Orange County, the circuit court in its appellate capacity dismissed the petition for writ of certiorari, explaining that notwithstanding the language of section 30-90 of the Orange County Code, under Florida Rule of Appellate Procedure 9.100(c)(2), a petitioner has thirty days from the rendition of an order or an action to file a petition for certiorari review. The circuit court further noted that section 30-90 itself, notwithstanding the sixty-day time limit, states that an aggrieved person “may file a petition for writ of certiorari as provided by the Florida Appellate Rules.”
We agree with Orange County that Holden was not entitled to rely upon section 30-90, even though section 30-90 was promulgated pursuant to a special act of the Florida legislature, since under the Florida Constitution only the Florida Supreme Court has the authority to adopt rules of practice and procedure for Florida courts. However, we agree with Holden’s ultimate position that its notice of intention was sufficient to invoke the cer-tiorari jurisdiction of the circuit court.
Holden’s notice of intention to file a petition for writ of certiorari was plainly filed within thirty days of the decision of the Board for purposes of rule 9.100(c)(2). See also rule 9.190(b)(3) & accompanying committee note. It appears to be the functional equivalent of a notice of appeal and plainly placed Orange County on notice, in a timely manner for purposes of rule 9.100(c)(2), that Holden intended to seek certiorari review of the Board’s decision to approve the Holden Cove preliminary subdivision plan. Although Holden did not file the petition for writ of certiorari itself until sixty days had passed, it is uncontroverted that Holden sought in a timely manner to invoke the certiorari jurisdiction of the circuit court. In short, this is not a case in which nothing was timely filed within thirty days, in which case dismissal would have been required. Rather, this is a ease in which Holden was understandably *1004 misled by the language of section 30-90 of the Orange County Code with regard to the proper procedure to follow in seeking certio-rari review.
Accordingly, in the interests of justice, we treat Holden’s notice of intention to file a petition for writ of certiorari as the initial petition for writ of certiorari itself, with the subsequent petitions being treated as amended petitions. Cf. Kidder v. Hess, 481 So.2d 984 (Fla. 5th DCA 1986) (in appeal from order denying father relief from a judgment entered after default in an adoption proceeding involving his son, trial court should have treated letter from father objecting to petition as an answer or, at the very least, as an appearance and should have required notice to father before entry of the default). This position is consistent with the policies enunciated in the Florida appellate rules. Rule 9.040(c) explains, “If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.” Also, rule 9.040(d) states:
At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.
For purposes of the instant case, there is no possible prejudice to Orange County in disregarding Holden’s “procedural error or defect” since, as indicated, Holden plainly sought to invoke the certiorari jurisdiction of the circuit court in a timely manner for purposes of rule 9.100(c)(2).
PETITION GRANTED; WRIT ISSUED; REMANDED WITH INSTRUCTIONS.
DAUKSCH, GOSHORN and PETERSON, JJ., concur.