721 So.2d 1240 (1998)
EDUCATION DEVELOPMENT CENTER, INC., d/b/a My First Step Child Day Care Center, Margie L. Bellamy, All Sac Mercantile, Inc. d/b/a Army Navy Outdoors, David W. Spring, and The Association for Neighborhood Preservation, Inc., Petitioners,
v.
PALM BEACH COUNTY, Respondent.
No. 98-3155.
District Court of Appeal of Florida, Fourth District.
December 23, 1998.
*1241 J. Barry Curtin and Nancy E. Guffey-Landers of Levy, Kneen, Mariani, Curtin, Kornfeld & Del Russo, P.A., West Palm Beach, for petitioners.
Robert P. Banks, Assistant County Attorney, West Palm Beach, for respondent.
PER CURIAM.
Petitioners, each of whom resides or operates a business within the vicinity of a piece of property which the Palm Beach County Board of County Commissioners rezoned for use as a prison work release correctional facility and homeless shelter, sought review of the rezoning decision by filing a petition for writ of certiorari with the Palm Beach County circuit court, appellate division. The circuit court denied their amended petition solely on the basis that it lacked jurisdiction pursuant to section 163.3215, Florida Statutes (1995), citing Poulos v. Martin County, 700 So.2d 163 (Fla. 4th DCA 1997) (holding that section 163.3215 provides for de novo trial, not certiorari review, where adversely affected party seeks injunctive or other relief to prevent a local government from acting on a development order that alters the use of property in a way that is not consistent with the comprehensive plan).
The respondent concedes that, to the extent Petitioners' challenge raised issues other than the consistency of the development order with the local comprehensive plan, Petitioners are entitled to certiorari review. See Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla.1993) (noting that rezoning actions with limited impact generally are quasi-judicial and reviewable by certiorari); Turner v. Sumter County, Bd. of County Comm'rs, 649 So.2d 276 (Fla. 5th DCA 1995) (affirming in part and reversing in part circuit court's dismissal of petition for certiorari from county's decision to award mining license; to extent claimant's challenge was that issuance was contrary to local comprehensive development plan, claimant should have pursued case under section 163.3215; but to extent claimant raised other issues, claimants were limited to certiorari review); Board of Trustees of Internal Improvement Trust Fund v. Seminole County Bd. of County Comm'rs, 623 So.2d 593 (Fla. 5th DCA 1993) (affirming dismissal of appellant's complaint, where portion of complaint asserting inconsistency with comprehensive plan should have been by action under section 163.3215 and appellants failed to comply with requirement of filing verified complaint within thirty days, and where challenge that rezoning violated Wekiva River Protection Act was limited to certiorari review, for which complaint was untimely filed), rev. denied, 634 So.2d 622 (Fla.1994).
To the extent Petitioners' challenge was not based on inconsistency with the comprehensive plan, the circuit court's refusal to exercise jurisdiction over their amended petition for certiorari relief denied them procedural due process. Accordingly, we grant the petition, quash the order on review, and direct the circuit court to exercise jurisdiction over those issues raised by Petitioners which are not exclusively reviewable by an action under section 163.3215.
GUNTHER, KLEIN and TAYLOR, JJ., concur.