729 So.2d 545 (1999)
George COOK, Petitioner,
v.
CITY OF LYNN HAVEN, Florida, and Sherwin Prows, Respondents.
No. 98-2494.
District Court of Appeal of Florida, First District.
April 20, 1999.
*546 David A. Theriaque of David A. Theriaque, P.A., Tallahassee, for Petitioner.
Larry A. Bodiford of Hutto and Bodiford, Panama City; Jack G. Williams, Panama City, for Respondents.
PER CURIAM.
This is a petition for writ of certiorari by George Cook, an adjacent landowner challenging the circuit court's denial of a petition for writ of certiorari directed to the city of Lynn Haven's issuance of a development order to a property owner to replat his property. In its denial, the court stated that Cook's cause of action was limited to the injunctive remedy provided in section 163.3215, Florida Statutes, to any person aggrieved or adversely affected by a local government's issuance of a development order, when the resulting use "is not consistent with the comprehensive plan."
We grant the petition and quash the circuit court's order. What the lower court apparently failed to take into consideration was that the development order is consistent with the comprehensive plan. Instead, Cook challenged the City's development order on the basis that it violated a zoning provision and not because it was in conflict with the comprehensive plan. Accordingly, he was entitled to seek certiorari review in circuit court, rather than an injunction under section 163.3215. The circuit court's denial of such review resulted in a denial of procedural due process, warranting certiorari relief. Education Dev. Ctr., Inc. v. Palm Beach County, 721 So.2d 1240, 1241 (Fla. 4th DCA 1998) ("To the extent Petitioners' challenge was not based on inconsistency with the comprehensive plan, the circuit court's refusal to exercise jurisdiction over their amended petition for certiorari relief denied them procedural due process.").
Petition GRANTED.
ERVIN, BOOTH and VAN NORTWICK, JJ., CONCUR.