734 So.2d 492 (1999)
Geraldine THOMAS, Donald Thomas, E.T. Wilkerson, Joan Wilkerson, Howard Falls, Pearl Falls, David Herron, Mary Herron, Judy Haynes, Dorothy Thomas, and Dennis H. Thomas, Appellants,
v.
SUWANNEE COUNTY, a political subdivision in the State of Florida, and Suwannee Farms, a general partnership, Joseph S. Hall, and Robert P. Wight, Jr., Appellees.
No. 98-1620.
District Court of Appeal of Florida, First District.
May 14, 1999.
*494 Stephen C. Bullock of Brannon, Brown, Haley, Robinson & Bullock, P.A., Lake City, for Appellants.
Stephen H. Durant of Martin, Ade, Birchfield & Mickler, P.A., Jacksonville, and Hal Airth, Live Oak, for Appellee Suwannee County.
Frederick L. Koberlein of Norris, Koberlein & Anderson, P.A., Lake City, for Appellees Suwannee Farms, Joseph S. Hall, and Robert P. Wight, Jr.
BENTON, J.
Suwannee County granted Suwannee Farms a special exception to its land development regulations so that Suwannee Farms could build, in an area zoned for agricultural use, a "group living facility" for migrant workers. In an effort to overturn the development order, Geraldine Thomas and others who own property in the vicinity filed in circuit court a verified "complaint and/or appeal." The neighboring property owners now appeal the trial court's orders dismissing with prejudice their second amended "complaint and/or appeal." We reverse and remand for further proceedings.

I.
Suwannee Farms petitioned the Suwannee County Zoning Board of Adjustment (Zoning Board) for a special exception allowing construction of a migrant labor camp in an area zoned for agricultural use, contending the project qualified as a "group living facility." The petition gave rise to a quasi-judicial proceeding[1] in which the appellants participated, through counsel, as objectors. See generally Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469 (Fla. 1993).
On November 1, 1994, the Zoning Board granted Suwannee Farms's petition for a special exception, clearing the way[2] for Suwannee Farms to build a "group living facility for migrant farm workers." On November 30, 1994, Geraldine Thomas and the other appellants (the objecting neighbors) filed two copies of a verified "complaint and/or appeal," one with Suwannee County and one in circuit court.
The verified pleading alleged in count one not only that the special exception was inconsistent with Suwannee County's comprehensive plan, but also that it was inconsistent with Suwannee County's land development regulations. In addition, the objecting neighbors invoked both state and federal constitutional provisions, alleging due process violations and unconstitutional takings in counts two through five.
In their pleading, the objecting neighbors sought relief under, inter alia, section 163.3215(1), Florida Statutes (1993). See Parker v. Leon County, 627 So.2d 476, 479 (Fla.1993) (noting that "subsection (1) authorizes an aggrieved or adversely affected party to bring an action to prevent a local government from taking *495 action on a development order which materially alters the use or density or intensity of use of a piece of property that is not consistent with the comprehensive plan") (emphasis deleted). The special exception falls within the statutory definition of a development order. See § 163.3164(7), Fla. Stat. (1993).
The trial court dismissed the original verified pleading on grounds that the objecting neighbors had not joined Suwannee Farms as an indispensable party.[3] Adding Suwannee Farms as a party and adding a count seeking review by writ of certiorari, the objecting neighbors then filed an amended verified "complaint and/or appeal." This was met with omnibus motions to dismiss, which the trial court granted, again dismissing without prejudice, but stating no grounds. When the objecting neighbors filed a second amended "complaint and/or appeal," Suwannee County and Suwannee Farms once again moved to dismiss.
This time the trial court dismissed with prejudice on the following grounds:
1. Counts I through V of the Second Amended Complaint are all based on paragraphs 15 and 16 which seek to establish [the objecting neighbors'] compliance with Section 163.3215(4) of the Florida Statutes. The Court finds that the phrase "institute an action" as used in that section of the statute means to commence an action by filing suit as described in the Florida Rules of Civil Procedure, and therefore finds that [the objecting neighbors] failed to comply with a condition of the statute by failing to wait for thirty days after filing the verified complaint with [Suwannee] County before filing the suit with the Court.
2. Count VI of the Second Amended Complaint is defective in that it does not comply with the standards required for a petition for certiorari.
The objecting neighbors now appeal dismissal with prejudice of their second amended verified "complaint and/or appeal."

II.
For the objecting neighbors,[4] an action under section 163.3215 was "the sole action available to challenge the consistency of a development order with a comprehensive plan." § 163.3215(3)(b), Fla Stat. (1993). Section 163.3215, Florida Statutes (1993), lays down conditions precedent to filing in circuit court. These conditions pertain in the present case only to the portion of count one alleging inconsistency with the comprehensive plan.
Count one alleges other matters as well as inconsistency with the comprehensive plan. The remaining counts allege other matters still. The objecting neighbors alleged that granting the special exception violated Suwannee County's land development regulations and they also attacked the special exception on constitutional grounds.[5]See Turner v. Sumter County, Bd. of County Comm'rs, 649 So.2d 276, 277 (Fla. 5th DCA 1995) (remanding for consideration of a due process claim in a complaint held untimely under section 163.3215).
*496 Because the proceeding before the Zoning Board was quasi-judicial, "to the extent [the objecting neighbors'] challenge raised issues other than the consistency of the development order with the local comprehensive plan, [they] are entitled to certiorari review." Education Dev. Ctr. v. Palm Beach County, 721 So.2d 1240, 1241 (Fla. 4th DCA 1998). See Cook v. City of Lynn Haven, 729 So.2d 545 (Fla. 1st DCA 1999) (holding certiorari appropriate where zoning violation alleged); Turner, 649 So.2d at 276-77; Board of Trustees of the Internal Improvement Trust Fund v. Seminole County Bd. of County Comm'rs, 623 So.2d 593 (Fla. 5th DCA 1993).

III.
The trial court did not make clear which portion of the second amended verified "complaint and/or appeal" it found had failed to meet the "standards required for a petition for certiorari." Instead, in dismissing, the trial court stated that it "need not determine whether Plaintiffs' proper remedy arises under Section 163 or for certiorari, as Plaintiffs have failed to pursue either remedy correctly." The trial court thus dismissed partly on the ground that the objecting neighbors filed prematurely in circuit court and partly on the ground that their pleading failed to comply with unspecified "standards required for a petition for certiorari." The dismissal with prejudice was the first dismissal explicitly on either ground.
In these circumstances, amendment might well have been allowed to correct any procedural deficiencies that can be said to exist if count six or other portions of the "complaint and/or appeal" are deemed a petition for writ of certiorari. See generally Holden Ave. Inter-Neighborhood Council, Inc. v. Orange County, 719 So.2d 1002 (Fla. 5th DCA 1998); Garrepy v. State, 679 So.2d 353 (Fla. 5th DCA 1996). See also Fla. R.App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought...."); Fla. R. Civ. P. 1.110(a) ("technical forms for seeking relief and of ... pleadings ... are abolished").
To the extent the trial court's dismissal rests on the objecting neighbors' failure to use words of art or make proper jurisdictional allegations in count six or to attach appendices to the "complaint and/or appeal," our disposition today does not preclude the trial court's granting leave to amend on remand. If viewed as a petition for writ of certiorari, the verified "appeal and/or complaint" was timely filed and was not subject to statutory conditions precedent. Cf. Board of Trustees v. Seminole County, 623 So.2d at 596.

IV.
That the objecting neighbors duly filed a timely, verified complaint "with the local government" is not in dispute.[6] But they did not wait thirty days after they filed with Suwannee County on November 30, 1994, before they filed in circuit court.[7] *497 The circuit court apparently concluded some years after the factthat the failure to wait until on or after December 31, 1994, to file in circuit court was fatal, not only to so much of count one as alleged inconsistency with the comprehensive plan, but also to the second amended complaint, as a whole.
Relying on section 163.3215(4), Florida Statutes (1993), the court below concluded that the objecting neighbors failed to meet a statutory condition precedent before filing in circuit court.
As a condition precedent to the institution of an action pursuant to this section, the complaining party shall first file a verified complaint with the local government whose actions are complained of.... The verified complaint shall be filed no later than 30 days after the alleged inconsistent action has been taken. The local government receiving the complaint shall respond within 30 days after receipt of the complaint. Thereafter, the complaining party may institute the action authorized in this section. However, the action shall be instituted no later than 30 days after the expiration of the 30-day period which the local government has to take appropriate action.
§ 163.3215(4), Fla Stat. (1993). We must decide de novo whether failure to wait thirty days after filing with the county, before filing in court, justified dismissal, in whole or in part.

V.
The general rule is that an action filed prematurely should be abatednot dismisseduntil the cause of action matures. See Interlatin Supply, Inc. v. S & M Farm Supply, Inc., 654 So.2d 254, 255 (Fla. 3d DCA 1995); Angrand v. Fox, 552 So.2d 1113, 1115-16 (Fla. 3d DCA 1989); Carmela Pellegrino, 1 Fla. Jur.2d Actions § 81 (1997) ("Another ground for abatement of an action is that it is prematurely commenced, that is, that it has been commenced before the accrual of the cause of action....").
The court held in Angrand that filing a complaint in a medical malpractice action before the ninety-day screening and investigation period required by section 768.57(3)(a), Florida Statutes (1987), had expired did not justify dismissal. The court reasoned that
[m]ere prematurity, which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action.... Instead, the proper remedy is an abatement or stay of the claim for the period necessary for its maturation under the law.... [T]here is simply nothing to support the conclusion below that a premature filing is entirely void and may be accorded no legal effect whatever. Thus, abatement for the remainder of the ninety-day period was the only appropriate remedy below. In this case, however, even that period had run by the time that the trial court ruled on the motion to dismiss. It could therefore do nothing at that stage but to deny the motion....
Angrand, 552 So.2d at 1115-16 (citations and footnote omitted). Analysis of the same type underlies the rule that "a notice of appeal which is prematurely filed shall not be subject to dismissal." Williams v. State, 324 So.2d 74, 79 (Fla.1975); see City of Tampa v. Fein, 438 So.2d 442, 443 (Fla. 1st DCA 1983), receded from on other grounds, Crittenden Orange Blossom Fruit v. Stone, 492 So.2d 1106 (Fla. 1st DCA 1986); W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323, 1324 (Fla. 1st DCA 1980). Only if the appeal remains premature when the court decides the question of its jurisdiction is dismissal appropriate. See Fla. R.App. P. 9.110(m). *498 Compare Benton v. Moore, 655 So.2d 1272 (Fla. 1st DCA 1995), with W.B.D., Inc., 382 So.2d at 1323.
In the present case, the passage of time had cured the problem before the trial court acted. Premature filing did not, therefore, justify dismissal even of so much of count one as alleged inconsistency with the comprehensive plan. The purpose of section 163.3215(4) is to alert local government to an impending court challenge, allowing local government a last chance to respond before the case is filed in circuit court. Failing to wait thirty days before filing in circuit court warrants abatement till the period is over.
But it does not justify dismissal with prejudice long after the period has expired. See Williams v. Henderson, 687 So.2d 838, 839 (Fla. 2d DCA 1996); Hattaway v. McMillian, 903 F.2d 1440, 1445-49 (11th Cir.1990); Fitzgerald v. McDaniel, 833 F.2d 1516, 1519-20 (11th Cir.1987). Here, as in Angrand, by the time the motions to dismiss were made, the period of statutory prematurity had ended. By December 31, 1994, the temporary bar on filing complaints alleging inconsistency with comprehensive plans no longer existed.

VI.
Accordingly, we reverse the judgment dismissing the second amended verified "complaint and/or appeal" and remand with directions that the trial court reinstate count one insofar as it alleges (under section 163.3215(4), Florida Statutes) that the special exception is inconsistent with Suwannee County's comprehensive plan.
Reversed and remanded.
MINER, J., CONCURS.
DAVIS, J., CONCURS IN RESULT ONLY.
NOTES
[1] Suwannee Farms contends it is entitled to a special exception for group living facilities under § 4.4.5(14) of the Suwannee County Land Development Regulations as defined in § 2.1 of the Suwannee County Land Development Regulations. "It is the character of the hearing that determines whether or not board action is legislative or quasi-judicial. Coral Reef Nurseries, Inc. v. Babcock Co., 410 So.2d 648 (Fla. 3d DCA 1982)." Board of County Comm'rs of Brevard County v. Snyder, 627 So.2d 469, 474 (Fla.1993) (holding spot rezoning is quasi-judicial). Neither Suwannee Farms nor the objecting neighbors sought to amend Suwannee County's comprehensive plan. Cf. Martin County v. Yusem, 690 So.2d 1288, 1295 (Fla.1997) (holding "all comprehensive plan amendments are legislative decisions"). See generally Kent Wetherell, Small Scale Plan Amendments: Legislative or Quasi-Judicial in Nature?, Fla. Bar J., Apr. 1999, at 80. Suwannee Farms did not seek rezoning.
[2] The Zoning Board voted two to one to grant the special exception on conditions no party contends are pertinent to proper disposition of the appeal.
[3] We express no opinion on the propriety of this ruling, which is not before us. The Second District recently addressed a related issue in City of St. Petersburg Board of Adjustment v. Marelli, 24 Fla. L. Weekly D668, 728 So.2d 1197 (Fla. 2d DCA 1999).
[4] As objectors, they never applied for a development order themselves. Cf. Parker v. Leon County, 627 So.2d 476, 479-80 (Fla.1993) (holding applicant's remedy was to petition for writ of certiorari); Florida Inst. of Tech. v. Martin County, 641 So.2d 898, 899-900 (Fla. 4th DCA 1994) (same); Moore v. City of Punta Gorda, 627 So.2d 1313, 1314 (Fla. 2d DCA 1993) (same). See generally City of Jacksonville Beach v. Marisol Land Dev., Inc., 706 So.2d 354, 355 (Fla. 1st DCA 1998).
[5] In their initial verified "complaint and/or appeal," the objecting neighbors stated their constitutional claims without reference to section 163.3215. Thereafter they pleaded their constitutional claims as somehow falling under section 163.3215.
[6] If the objecting neighbors had failed to file a verified complaint with Suwannee County within thirty days, the statute would have barred their claim of inconsistency with the comprehensive plan. See Bal Harbour Village v. City of North Miami, 678 So.2d 356, 360-61 (Fla. 3d DCA 1996); Board of Trustees of the Internal Improvement Trust Fund v. Seminole County Bd. of County Comm'rs, 623 So.2d 593, 596 (Fla. 5th DCA 1993). Once thirty days from November 1, 1994, had run, the opportunity to comply with the requirement to file with local government expired. By then, however, the objecting neighbors had already timely filed with Suwannee County, satisfying that condition precedent.
[7] Florida Rule of Civil Procedure 1.050 provides: "Every action of a civil nature shall be deemed commenced when the complaint ... is filed...." In their second amended verified "complaint and/or appeal," the objecting neighbors allege that they

did not serve the Complaint and, therefore, did not institute this action until after the County had the Verified Complaint for thirty (30) days.
They contend that the delay in effecting service honored the statutory directive not to "institute the action" in circuit court for thirty days. While this delay may have served the statutory purpose, filing in circuit court "instituted the action." The objecting neighbors also contend, however, that premature filing in circuit court is not fatal.