VAN NORTWICK, J.
 Petitioners, Joe A. and Mary A. Bush, seek certiorari review of an order of the circuit court dismissing their amended petition for writ of certiorari by which they challenged the denial by the City of Mexico Beach, respondent, of their application to divide a residential lot (“lot split application”). We grant certiorari relief because the circuit court did not address the substantial due process issues raised in the amended petition. Thus, the circuit court did not engage in the three-prong review required by City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982),[1] and “[t]his constituted ‘a violation of a clearly established principle of law resulting in a miscarriage of justice’ and, therefore, a departure from the essential requirements of law.” Clay County v. Kendale Land Dev., Inc., 969 So.2d 1177, 1181 (Fla. 1st DCA 2007) (quoting Broward County v. G.B.V. Int’l Ltd., 787 So.2d 838, 845 (Fla.2001)).
The Bushes filed a lot split application with the City on September 8, 2009, alleging that, when they divided their lot into two lots in 2005, they met all the requirements of the City’s land development regulations. They assert before this court that they also met the dual requirement that their application comply with the City’s comprehensive plan because section *149 7.01.01(B), City of Mexico Beach Land Development Regulations, provides that “[a] development shall be considered consistent with the adopted Comprehensive Plan if the development conforms to the provisions set forth in the City of Mexico Beach Land Development Code.” See Bd. of County Comm’rs of Brevard County v. Snyder, 627 So.2d 469, 476 (Fla.1993) (“[A] landowner seeking to rezone property has the burden of proving that the proposal is consistent with the comprehensive plan and complies with all procedural requirements of the zoning ordinance.”).
A hearing on the lot split application was held before the Planning and Zoning Board on October 6, 2009, after which the Planning and Zoning Board voted unanimously to recommend denial of the application. The lot split application was scheduled for public hearing before the Mexico Beach City Council on October 13, 2009. The City Council, however, voted to table the Bushes’ application for future consideration.
For the next six months, despite numerous requests, the Bushes were unable to obtain a hearing before the City Council on their application. The Bushes allege that, although they could not obtain a hearing on their lot split application, other property owners in Mexico Beach presented and obtained approval and acceptance of the division of parcels for purposes of sale or development. This delay prompted the Bushes to file a mandamus action against the City to compel the City Council to hold a final hearing. After an order to show cause was issued by the circuit court on March 23, 2010, the Bushes were notified that a final hearing before the City Council was to be held on April 13, 2010. At the outset of the April 13, 2010 hearing, the City Council again tabled the discussion of the Bushes’ lot split application to provide time for the City to retain a land use attorney. The City Council, however, did allow counsel for the Bushes to speak.
While the Bushes’ application was pending, the City Council was also considering the adoption of a new land development regulation that, among other things, addressed the subdivision of property and required neighborhood consistency when lots are subdivided. The City Council adopted this new ordinance on April 13, 2010, and incorporated the requirements of the new ordinance as section 3.07.00 of the City’s Land Development Code.
At its regular meeting on May 11, 2010, the City Council voted unanimously, without discussion, to deny the Bushes’ lot split application. In its final order, the City Council found that the application failed to comply with the newly-enacted land development ordinance and two policies in the Future Land Use Element of the City’s Comprehensive Plan. Below and here, the Bushes assert that the newly-passed ordinance cannot be applied to the application[2] and that they neither had been advised that the City was relying on these future land use policies nor given an opportunity to argue in support of their application.
The Bushes timely sought certio-rari review in the circuit court, complaining of these numerous alleged due process violations and asserting that they never received a quasi-judicial hearing before the City Council. As the Third District explained in Jennings v. Dade County, 589 So.2d 1337, 1340-41 (Fla. 3d DCA 1991):
At the outset of our review of the trial court’s dismissal, we note that the quality of due process required in a quasi-judicial hearing is not the same as that *150 to which a party to full judicial hearing is entitled. Quasi-judicial proceedings are not controlled by strict rules of evidence and procedure. Nonetheless, certain standards of basic fairness must be adhered to in order to afford due process. Consequently, a quasi-judicial decision based upon the record is not conclusive if minimal standards of due process are denied. A quasi-judicial hearing generally meets basic due process requirements if the parties are provided notice of the hearing and an opportunity to be heard. In quasi-judicial zoning proceedings, the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts.
(Citations omitted). Upon motion of the City, the circuit court dismissed the amended petition based upon the City’s argument that the Bushes had failed to timely file a separate action pursuant to section 163.8215, Florida Statutes (2009), to challenge the City’s determination that their lot split application was inconsistent with the City’s Comprehensive Plan. The circuit court ruled that, even though there may be due process issues which could be decided in the Bushes’ favor, “any relief this Court could afford the [Bushes] would be of no practical purpose and would not affect the underlying validity of the City Council’s Final Order denying the Lot Split Application.” We cannot agree.
While it is correct, as the City argues, that consistency issues must be raised in an action filed pursuant to section 163.3215 and cannot be brought in a petition for writ of certiorari, see Stranahan House, Inc. v. City of Ft. Lauderdale, 967 So.2d 1121, 1125-26 (Fla. 4th DCA 2007), the Bushes have raised more than consistency issues. Below and here, the Bushes also contend that the numerous due process violations preceding the entry of the final order by the City Council require that the order be quashed as invalid by the circuit court and that they be granted a quasi-judicial hearing, with all its attendant due process protections, before the City Council on their lot split application. To the extent that petitioners’ certiorari petition in the circuit court raised issues other than the consistency of the development order, the Bushes were entitled to certiorari review. Thomas v. Suwannee County, 734 So.2d 492, 496 (Fla. 1st DCA 1999) (“Because the proceeding before the Zoning Board was quasi-judicial, ‘to the extent [the objecting neighbors’] challenge raised issues other than the consistency of the development order with the local comprehensive plan, [they] are entitled to cer-tiorari review.’ ” (quoting Education Dev. Ctr., Inc. v. Palm Beach County, 721 So.2d 1240, 1241 (Fla. 4th DCA 1998))); Cook v. City of Lynn Haven, 729 So.2d 545, 546 (Fla. 1st DCA 1999) (granting petition for writ of certiorari and quashing the circuit court’s order, ruling that Cook was entitled to seek certiorari review in circuit court rather than an injunction under section 163.3215 because Cook was challenging the City’s development order on the basis that it violated a zoning provision and not because it was in conflict with the comprehensive plan). On remand, if the Bushes prevail on their contentions before the circuit court, the final order of the City Council would be quashed and would have no force and effect.
Petition Granted.
PADOVANO and HAWKES, JJ., concur.

. As stated in City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982):
Where a party is entitled as a matter of right to seek review in the circuit court from administrative action, the circuit court must determine [1] whether procedural due process is accorded, [2] whether the essential requirements of the law have been observed, and [3] whether the administrative findings and judgment are supported by competent substantial evidence. The district court, upon review of the circuit court’s judgment, then determines [1] whether the circuit court afforded procedural due process and [2] applied the correct law.

. Whether the so-called "pending ordinance doctrine”, see Smith v. City of Clearwater, 383 So.2d 681 (Fla. 2d DCA 1980), applies has not been litigated.