DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**TAXI USA OF PALM BEACH, LLC** d/b/a **TAXI TAXI**, a Florida limited
liability company,
Petitioner,

v.

**CITY OF BOCA RATON, FLORIDA,** a Florida municipal corporation,
**METRO TAXI OF FLORIDA, LLC** d/b/a **METRO TAXI OF PALM
BEACH COUNTY,** a Florida limited liability company, **SOUTHEASTERN
FLORIDA TRANSPORTATION GROUP, LLC** d/b/a **YELLOW CAB, INC.,**
a Florida limited liability company,
Respondents.

No. 4D14-2397

[ November 12, 2014 ]

Petition for writ of certiorari to the Circuit Court for the Fifteenth
Judicial Circuit, Palm Beach County; Timothy McCarthy, Peter Blanc and
Edward Fine, Judges; L.T. Case No. 2013CA018014AY.

Mitchell W. Berger and Paul S. Figg of Berger Singerman LLP, Fort
Lauderdale, for petitioner.

Diana Grub Frieser, Boca Raton, and Jamie Cole, Matthew H. Mandel
and Laura K. Wendell of Weiss Serota Helfman Pastoriza Cole & Boniske,
P.L., Coral Gables, for Respondent-City of Boca Raton, Florida.

PER CURIAM.

Petitioner Taxi USA of Palm Beach, LLC, (Taxi) seeks second-tier
certiorari review of a circuit court decision denying relief in a case involving
certification for taxicabs in the City of Boca Raton. We deny this petition
because Taxi has failed to demonstrate either a denial of procedural due
process or a failure to apply the correct law resulting in a miscarriage of
justice.

This case commenced with Taxi submitting an application for a
certificate of public convenience and necessity with the City of Boca Raton,
seeking to operate thirty taxicabs within the city. After Taxi demonstrated

financial responsibility as required by the City Code for Boca Raton, its application was set before a hearing officer. At this hearing, the applicant must demonstrate by a preponderance of the evidence that it meets certain mandatory criteria, including public demand for the additional taxicab service, the inadequacy of existing service, the effect of additional service, and so forth. *See* BOCA RATON, FLA., CODE OF ORDINANCES, § 18-48(2) (2013) (hereafter "City Code"). Existing certificate holders are entitled to intervene as parties to challenge issuance of the certificate. *See* City Code § 18-49 (1)(i).

At the hearing, counsel for Transportation Service Systems, Inc. d/b/a "Metro Taxi of Palm Beach County" (Metro Taxi) and Southeast Florida Transportation Group, LLC, d/b/a "Yellow Cab" (Yellow Cab) argued against the claim of inadequacy of existing taxicab and limousine service in the city. Counsel argued that the application by Taxi was premature and would saturate the existing market, since the City had recently approved twenty new taxicab permits for Your Safe Drivers Taxi, LLC, another provider in the city, and thirty new taxicab permits for Metro Taxi.

After hearing the evidence and arguments, the hearing officer granted Taxi a certificate to operate thirty taxis in the city, including three wheelchair-accessible vehicles. He found "no empirical data presented" to support the argument of prematurity of Taxi's application or saturation of the market. The hearing officer acknowledged that Taxi had presented a standard based on the number of taxicabs needed per 1,000 city residents, which he said reflected that the city should have approximately 253 taxicabs rather than the sixty-nine currently permitted. He found by a preponderance of the evidence presented that:

> 1. There is a demand of the public for the additional taxicab service.
>
> 2. There is currently an inadequacy of existing taxicab service.
>
> 3. There will be no adverse effect of the additional taxicabs upon traffic conditions and parking.
>
> 4. The Applicant has the resources necessary to create, operate and maintain a financially stable operation.
>
> 5. The Applicant has experience in, and the capability to successfully own, manage and operate a transportation business; and

2

6. There are no facts or circumstances which would render the Applicant unfit to operate such a business.

These are the criteria for issuance of a certificate which the hearing officer must apply and which the applicant must demonstrate. City Code § 18-48(2).

The City Code allows either the applicant or an intervening party to "appeal" a decision by the hearing officer. City Code § 18-49(1)(k)2. Metro Taxi and Yellow Cab appealed. The Code provides that the City Council sits in "open session" as the appeal board, and that it shall either affirm the hearing officer's actions, affirm with modification, reverse it or remand for further consideration. *Id.* The appellant is allowed to present to the City Council "such relevant material, evidence and statements" and others may "present like information." City Code § 2-27 (incorporating Rules of Procedure).

Rule 1.20(c)4. provides that a public hearing is open to public participation. Rule 1.20(c)4.b. provides that "[t]he applicant, if any, shall present such relevant material, evidence and statements as the applicant deems would be of assistance to the board." Subsection (c)4.c. provides: "[a]ll other persons other than an applicant may then present like information to the board." Finally, subsection (c)4.h. provides that:

> The purpose of the public hearing is to inform the board of the relevant views of interested persons and the general public, and to present such factual information as is necessary for the board to make a decision or recommendation. Any action, conduct or statement not reasonably in accord with this purpose may be ruled out of order by the presiding officer, subject to appropriate point of order by the board.

After hearing evidence and argument at the City Council's appeal hearing, the Council voted to reverse the hearing officer's decision by its approval of Resolution No. 154-2013. The Council first stated in its "whereas" clauses that the "procedures and the standard of review utilized in the hearing were consistent with the intent of the City Code of Ordinances, and were consistent with the prior practice of the City Council in similar proceedings . . . ." It concluded that the criteria of Section 18-48(2), had not been satisfied.

Taxi challenged that decision of the City Council by petition for writ of certiorari filed in the circuit court (the first-tier certiorari proceeding). It

argued that the record contained competent, substantial evidence to support the hearing officer's findings which led him to grant the application. Therefore, the City Council must have failed to observe the essential requirements of law in reversing the hearing officer. It argued that the City Council had reweighed the evidence and that it was not permitted to do so. Taxi cited *City of Deland v. Benline Process Color Co., Inc.*, 493 So. 2d 26 (Fla. 5th DCA 1986), where the Fifth District Court of Appeal held that the circuit court, sitting in appellate capacity from a city code enforcement board, had no authority to reweigh the evidence found by that board. Reliance on that case, however, is misplaced.

In *Benline*, the city challenged the standard of review applied in the circuit court's first-tier appellate review. In first-tier review, the evidentiary challenge is limited to reviewing "whether the agency decision is supported by competent substantial evidence." *Fla. Power & Light Co. v. City of Dania*, 761 So. 2d 1089, 1092 (Fla. 2000). Here, petitioner is challenging the standard of review applied by the underlying administrative board or council. The record does not support any claim that the circuit court reweighed the evidence in the first-tier certiorari proceeding in this case.

Taxi's main challenge was to the City Council's use of what it termed a "hybrid appeal process" in allowing new evidence to be introduced when reviewing the hearing officer's decision to approve Taxi's application for certificate. However, it did not address the specific provisions of the City Code and its incorporated rules which allow for this procedure.

Taxi also argued that the City Council denied it due process by applying different standards for issuing certificates of public convenience and necessity for different applicants, in particular Metro Taxi and Your Safe Driver. For this claim, Taxi speculated that the City Council "must have applied a standard other that [sic] the 3 taxis per 1,000 residents standard." However, the Council did not expressly articulate which standard or formulation it decided to apply. The circuit court denied Taxi's petition for writ of certiorari without explanation in a per curiam opinion. Taxi now seeks second-tier review in this court.

Second-tier certiorari review is narrow, limited to determinations of whether the circuit afforded procedural due process and applied the correct law. *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 530 (Fla. 1995). As to whether the circuit court applied the correct law, the district court should grant a petition for second-tier certiorari "*only* when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." *Custer Med. Ctr. v. United Auto. Ins. Co.*, 62 So. 3d

1086, 1092 (Fla. 2010) (citation and quotation marks omitted).

> Clearly established law can be derived not only from case law dealing with the same issue of law, but also from an interpretation or application of a statute, a procedural rule, or a constitution provision. When the established law provides no controlling precedent, however, certiorari relief cannot be granted because without such controlling precedent, a district court cannot conclude that a circuit court violated a clearly establish principle of law. Further, a misapplication or an erroneous interpretation of the correct law does not rise to the level of a violation of a clearly established principle of law.

*Dep't of Highway Safety & Motor Vehicles v. Edenfield*, 58 So. 3d 904, 906 (Fla. 2d DCA 2011) (internal citations and quotations omitted).

Taxi argues that the "hybrid appeal" process allowing the City Council to hear the "appeal" and yet also allowing new evidence at the same proceeding was "arbitrary and capricious, and not otherwise supported by legal precedent." However, Taxi has not identified any clearly established law that prohibits this procedure.

Further, even if allowing evidence to be admitted in the appeal to the City Council was erroneous, Taxi has failed to demonstrate that the circuit court's denial of first-tier certiorari resulted in a miscarriage of justice. This is particularly the case because petitioner admits having presented evidence on its own behalf to the City Council.

Respondent City of Boca Raton points out that nothing in the City Code requires the City Council to adhere to a strict judicial standard of review or confine its deliberation to the record which was before the hearing officer. Although the Council sits as an "appeal board," the term "appeal" can encompass a de novo hearing in other administrative contexts, such that the term "appeal" means a mere application to a higher authority. For example, in *Young v. Department of Community Affairs*, 625 So. 2d 831, 833 (Fla. 1993), the Florida Supreme Court ruled that a proceeding before the Land and Water Adjudicatory Commission to determine whether local development orders were proper was a de novo hearing. The court recognized instances in which statutes provide for "appeals" of administrative decisions but observed that the term "appeal" would be interpreted in its "broadest, non-technical sense . . . to mean merely an application to a higher authority." *Transgulf Pipeline Co. v. Bd. of County Comm'rs of Gadsden County*, 438 So. 2d 876, 878 (Fla. 1st DCA 1983). The City contends that "appeals" in which new evidence is presented are

5

a "regular feature of local government." In *Dusseau v. Metro Dade County Board of County Commissioners*, 794 So. 2d 1270, 1276 (Fla. 2001), for example, the County Commission heard testimony from both sides in an "appeal" of a zoning appeals board decision.

Whether called a "hybrid appeal" or "quasi-judicial procedure," the City Code does not contemplate a conventional or strict appellate standard when a challenge to the hearing officer's determination is sought in the City Council. In *Jennings v. Dade County*, 589 So. 2d 1337 (Fla. 3d DCA 1991), the Third District Court of Appeal explained that the quality of due process required in a quasi-judicial zoning proceeding is not the same as required in a full judicial hearing. "A quasi-judicial hearing generally meets basic due process requirements if the parties are provided notice of the hearing and an opportunity to be heard. In quasi-judicial . . . proceedings, the parties must be able to present evidence, cross-examine witnesses, and be informed of all the facts upon which the commission acts." *Id.* at 1340 (citing *Coral Reef Nurseries, Inc. v. Babcock Co.*, 410 So. 2d 648, 652 (Fla. 3d DCA 1982)); *accord Bush v. City of Mexico Beach*, 71 So. 3d 147, 150 (Fla. 1st DCA 2011). Taxi has failed to demonstrate that it was denied this due process.

Taxi also argues that the City Council applied a different standard for issuance of taxicab certificates to Taxi than it did to its existing certificate holders. But the record does not support this claim. The City Code allows applicants to demonstrate the criteria of "need" as they choose. The fact that a hearing officer in an earlier case may have applied a particular standard or ratio based on the number of taxicabs per one thousand city residents did not preclude another hearing officer, or the City Council, from assessing need based on different evidence or another measure in conformance with the criteria of the Code and based on present market conditions.

We reject Taxi's other arguments, and deny this petition.

*Denied.*

GROSS, TAYLOR and LEVINE, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***