DANAHY, Judge.
The question before us is whether a private citizen is justified in using deadly force to prevent the escape from the citizen’s custody of a person who committed a felony in the citizen’s presence. We hold that the use of such force is justifiable if it appears to the citizen to be reasonably necessary to prevent the felon’s escape, and remand this case for determination by a jury whether the use of force in this case was reasonably necessary under the circumstances.
This is a civil action brought by the alleged felon to recover damages for injuries sustained when the appellee shot him in the back in an effort to prevent his escape after he committed a burglary in the presence of the appellee.
The facts are essentially undisputed. The appellee is the owner of a seafood store in a shopping center. He knew the appellant well and suspected the appellant of being the person who had broken into the store on several occasions. On the day in question, a Sunday, the appellee was in the back of his store hoping to catch the person who had been breaking in. The appellee heard a noise and looked out front. There he saw the appellant inside the store walking toward the back. The appellee grabbed the appellant, who began struggling with him. The appellee told the appellant to settle down and that he was going to call the police. As the appellee started to release the appellant, the appellant turned and ran out the rear of the store.
The appellee gave chase and grabbed a gun as he left the rear of the store. The appellant went out the back door with the appellee following him and yelling at him to stop or that he would shoot. The appel-lee fired a warning shot and then, realizing that he was not going to be able to catch up with the appellant on foot, fired his gun and shot the appellant in the back.
The trial judge entered a summary judgment for the appellee, ruling that a private citizen has a common law right to arrest a person who commits a felony against him *610 and in his presence and thus is justified in using whatever force is necessary to effectuate such an arrest. We agree with the statement of law, but disagree with the trial judge’s tacit ruling that, as a matter of law, force was necessary in this case.
Florida follows the common law rule that a private citizen may arrest a person who commits a felony in his presence. Collins v. State, 143 So.2d 700 (Fla. 2d DCA 1962). The right to arrest a person includes the right to try to prevent his escape. The question is whether the private citizen may use force to effectuate the arrest or to prevent the escape. Although there is some conflict of authority on this question, the prevailing view seems to be that where a private citizen has in his custody a person who has committed a felony in the citizen’s presence and the felon attempts to flee, the citizen may use such force in preventing the escape as is necessary, or as appears to him in the exercise of reasonable discretion to be necessary, even to the extent of taking life. Annot., 32 A.L.R.3d 1078 (1970). We align ourselves with the prevailing view.[1]
The crucial issue in this case is whether it was necessary under the circumstances, or reasonably believed by the ap-pellee to be necessary under the circumstances, to shoot the appellant to prevent his escape. We believe this is a judgment call which should be made by a jury. Accordingly, we reverse the summary judgment for the appellee and remand for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HOBSON, A.C.J., and BOARDMAN, J., concur.

. We do not agree with the appellee’s argument that § 776.07, Fla.Stat. (1983) provides statutory authority for the use of force by a private citizen to prevent an alleged felon’s escape from the citizen’s custody. We believe the words "or other person” used in that section refer to a person summoned by a law enforcement officer to assist the officer in making an arrest or preventing an escape, as mentioned in § 776.05. There is no statutory authority for a citizen’s arrest.