Thomas "Jack" **FITZGERALD**,
Plaintiff–Appellee,

v.

John P. **McDANIEL** and Wayne "Cowboy" Morris, as Sheriff and Deputy Sheriff of Jackson County, Florida, respectively, Defendants–Appellants.

No. 87–3135.

United States Court of Appeals,
Eleventh Circuit.

Dec. 15, 1987.

Lynn C. Higby, Bryant, Higby & Williams, Panama City, Fla., for plaintiff-appellee.

Before RONEY, Chief Judge, HATCHETT, Circuit Judge, and HAND [*], Chief District Judge.

HATCHETT, Circuit Judge:

This appeal is from a jury verdict awarding damages against a sheriff of a Florida county and his deputy resulting from the deputy's use of excessive force while accomplishing a lawful arrest. We affirm.

## FACTS

In March, 1985, Deputy Sheriff Wayne "Cowboy" Morris became aware of an outstanding arrest warrant for Thomas "Jack" Fitzgerald for burglary of a dwelling. On the evening of March 4, 1985, while Morris was driving an unmarked vehicle and wearing civilian clothes, he saw Fitzgerald's truck and decided to arrest Fitzgerald. Morris blinked his headlights at Fitzgerald's vehicle from behind, and when Fitzgerald failed to stop, Morris began firing a .38 caliber pistol at Fitzgerald's truck.

When the shots disabled Fitzgerald's vehicle, Fitzgerald and his female friend ran away from the truck. As they fled across a field, Morris shot Fitzgerald in the leg from a distance of forty-five to ninety feet. Fitzgerald claims that even after Morris had injured him and had successfully arrested him, Morris did not indicate that he was acting pursuant to an arrest warrant. Morris and Fitzgerald had met before, and Fitzgerald knew Morris was a law enforcement officer. Morris claims that he identified himself as a law enforcement officer; Fitzgerald claims that Morris commenced firing without identifying himself.

Julius F. Parker, Jr., Tallahassee, Fla., for defendants-appellants.

[*] Honorable William Brevard Hand, Chief U.S. District Judge for the Southern District of Alabama, sitting by designation.

Fitzgerald filed this action against John P. McDaniel, Sheriff of Jackson County, Florida, and Morris in the United States District Court for the Northern District of Florida pursuant to 42 U.S.C. § 1983 for violation of rights guaranteed by the fourth, fifth, and fourteenth amendments to the United States Constitution (Count I). Fitzgerald's complaint also stated state law causes of action for assault and battery (Count II) and negligence (Count III).

At the conclusion of the evidence, the district court instructed the jury that Fitzgerald's arrest was lawful; consequently, the jury should determine "whether a lawful arrest was accomplished by using excessive force under the circumstances."[1]

The jury returned verdicts of $1 punitive damages against Morris personally under Count I, $120,375 compensatory damages, and $1,500 punitive damages against Morris personally under Count II, and $28,087.50 against Sheriff McDaniel in his official capacity under Count III.

## ISSUES

McDaniel presents four issues in this appeal: (1) whether Morris's conduct was reasonable; (2) whether this action should have been dismissed because of Fitzgerald's failure to comply with the notice provisions of Florida Statute § 768.28(6); (3) whether the district court lacked jurisdiction to hear this case because the state of Florida has not waived sovereign immunity; and (4) whether the district court erred in granting a motion in limine restricting testimony of threats Fitzgerald allegedly made against Morris.

## DISCUSSION

A. Whether Morris's conduct was reasonable.

Florida Statutes § 776.05 provides: A law enforcement officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest or when necessarily committed in retaking felons who have escaped or when necessarily committed in arresting felons fleeing from justice.

McDaniel and Morris contend that Morris's conduct was reasonable because Morris was acting under the specific authorization of section 776.05. They cite *Nelson v. Howell*, 455 So.2d 608 (Fla. 2d D.C.A.1984), a recent decision holding that even a private citizen attempting to make a felony arrest may use such force as is necessary, including deadly force, to prevent a felon from escaping. They conclude that if a private citizen may use deadly force in preventing a felon from escaping, then a law enforcement officer must also be permitted to use deadly force in preventing a felon from escaping.

Fitzgerald agrees that *Nelson v. Howell* holds that a private citizen may use such force as is necessary to prevent a felon from escaping. Fitzgerald points out, however, that the *Nelson* court determined that a jury is to decide when deadly force is reasonable under the circumstances. The *Nelson* court stated: "The crucial issue in this case is whether it was necessary under the circumstances, or reasonably believed by the [defendant] to be necessary under the circumstances, to shoot the [plaintiff] to prevent his escape. We believe this is a judgment call which should be made by a jury." *Nelson v. Howell*, 455 So.2d 608, 610 (Fla. 2d D.C.A.1984). We agree with Fitzgerald's reading of *Nelson v. Howell*. The language of the statute provides that "He is justified in the use of any force which he *reasonably* believes to be necessary...." Whether Morris's use of deadly

---

1. The district court directed verdicts against Fitzgerald on his fourth amendment claim, as to Morris and Sheriff McDaniel, and on the four- teenth amendment claim as to Sheriff McDaniel.

force under these circumstances was reasonable was a question for the jury.

 The jury did not find Morris's use of deadly force to be reasonable under these circumstances. In reviewing the jury's verdict, we cannot reweigh the evidence. *Lindsey v. American Cast Iron Pipe Co.*, 772 F.2d 799 (11th Cir.1985). The jury's assessment of the reasonableness of Morris's conduct is a factual finding by which this court is bound, unless McDaniel or Morris can show an absence of probative facts to support it. *Mary S. Krech Trust v. Lakes Apartments*, 642 F.2d 98 (5th Cir. Unit B 1981). They have not shown an absence of probative facts; therefore, we affirm the district court on this issue.

B. Fitzgerald's failure to comply with Fla.Stat. § 768.28(6).

 McDaniel and Morris contend that Fitzgerald's state law claims should have been dismissed because he failed to comply with the notice provisions of section 768.-28(6). Fla.Stat. § 768.28(6) provides:

(6)(a) An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, present such claim in writing to the Department of Insurance, within three years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing; ... The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of this section....

(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

These provisions, popularly known as the "waiver of sovereign immunity" provisions, are a condition precedent to the maintenance of an action against a state agency or subdivision, including the office of sheriff. McDaniel and Morris contend that the agencies with which Fitzgerald filed his claim were entitled by statute to a six-month period after filing to determine its course of action. Because the six-month period had not expired at the time Fitzgerald filed his complaint, McDaniel and Morris argue that the state was deprived of the required notice period; consequently, Fitzgerald's complaint should have been dismissed.

The district court held that the issue of Fitzgerald's noncompliance with the statute is moot. Although Fitzgerald failed to comply with section 768.28(6) by bringing this action before either a written denial of his claim had been issued, or before six months had passed, by the time the district court ruled on this issue, six months had passed since the filing of the claim. On the date of the district court's order, no written denial or other final disposition of the claim had been issued by Sheriff McDaniel or the Department of Insurance. The district court determined that the notice function of section 768.28(6) had been served, and the conditions precedent to filing a complaint had been met.

The purpose of section 768.28(6) is to provide the state and its agencies with sufficient notice of claims filed against them. It is clear that on these facts, both Sheriff McDaniel and the Department of Insurance had ample time to respond to Fitzgerald's claim. Although Fitzgerald failed to wait six months to file this action, more than six months elapsed before the district court finally disposed of the issue. Since Sheriff McDaniel was duly notified of Fitzgerald's claims and had time to respond, the purpose underlying section 768.28(6) was adequately served.

The district court relied for its reasoning on *Askew v. County of Volusia*, 450 So.2d 233 (Fla. 5th D.C.A.1984). We find this

reasoning persuasive.[2] Therefore, we affirm the district court on this issue.

## C. Sovereign immunity.

■ Actions brought against the state of Florida under 42 U.S.C. § 1983, or against its agencies, subdivisions, or officers, are barred by the eleventh amendment. *Gamble v. Florida Dept. of Health and Rehabilitative Services*, 779 F.2d 1509 (11th Cir. 1986). McDaniel contends that he was sued in his official capacity, as sheriff of Jackson County, Florida, and that this lawsuit was barred because the state of Florida has not waived its sovereign immunity for civil rights actions brought under 42 U.S.C. § 1983.

Fitzgerald contends that he sued McDaniel and Morris individually, not in their official capacities, and that whether Florida waived its eleventh amendment immunity is irrelevant. He contends that this issue has been resolved by *Lundgren v. McDaniel*, 814 F.2d 600 (11th Cir.1987).

In *Lundgren*, Sheriff McDaniel argued that his deputies were sued in their official capacities and that the lawsuit was barred because Florida had not waived its eleventh amendment immunity. The caption to the amended complaint in *Lundgren*, as in this case, was ambiguous.[3] The *Lundgren* court cited *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) in which the Supreme Court observed that when a complaint does not clearly specify whether state officials are being sued in their individual capacities, in their official capacities, or both, often the course of the proceedings will indicate the nature of the liability sought to be imposed. The *Lundgren* court then concluded that because the qualified immunity defense was raised, litigated, and submitted to the jury, Lundgren's claim was tried as a claim against the deputies solely in their individual capacities. Examining the record in this case, we conclude as we did in *Lundgren* that because McDaniel and Morris raised, litigated, and submitted to the jury a defense premised on qualified immunity, the lawsuit was filed against them in their individual capacities. Qualified immunity is available only in an individual capacity lawsuit, not in an official capacity action. Therefore, we affirm the district court on this issue.

## D. Motion in Limine.

■ McDaniel and Morris contend that the district court erred in granting Fitzgerald's motion in limine, restricting testimony concerning threats Fitzgerald allegedly made to Morris. McDaniel and Morris argue that they proffered the testimony of five witnesses regarding threats, and that by restricting all references to marijuana or drugs, the district court emasculated the probative value of their testimony. McDaniel and Morris assert that the district court misapplied rule 403 of the Federal Rules of Evidence by finding that the probative value of this proffered testimony was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury.

Fitzgerald contends that the court did not abuse its discretion by granting his motion in limine. He argues that three

---

**2.** The district court also pointed out:

 Additionally, I find that it would serve no useful purpose to dismiss the complaint, for such a dismissal clearly must be without prejudice and with leave to amend. [Footnote omitted.] Since there would be no need to amend in light of the fact that all conditions precedent to instituting an action have now been met, the plaintiff would only need to refile his original complaint. I note that if the defendants were able to articulate some actual prejudice that resulted from the plaintiff's failure to wait six months before filing suit, I would be more inclined to dismiss the case and require the plaintiff to comply strictly with the language of Section 768.28(6).

**3.** The caption to the amended complaint in *Lundgren* merely stated that Lundgren sues "the defendants, John P. McDaniel, Dwayne Davis, and Ricky Cloud, as sheriff and deputy sheriffs of Jackson County, respectively." The caption in this case is essentially the same: Fitzgerald sues "John P. McDaniel and Wayne 'Cowboy' Morris, as sheriff and deputy sheriff of Jackson County, Florida, respectively."

months after he filed suit, McDaniel and Morris, in an effort to marshal support for Morris's conduct, brought five witnesses to court to testify that Fitzgerald had made threats against Morris. Fitzgerald claims that the reason the jury was not impressed by these witnesses was not because his motion in limine limited references to marijuana, but rather because the five witnesses were "put up" to testify on behalf of Morris. He also argues that the district court properly adjudged alleged marijuana cultivation as irrelevant to the issues in this action. Thus, in applying rule 403, the court properly assessed that the probative value was substantially outweighed by the danger of unfair prejudice.

■ Rule 403 of the Federal Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The application of rule 403 of the Federal Rules of Evidence is a matter within the broad discretionary powers of the district court. *United States v. Pomerantz,* 683 F.2d 352 (11th Cir.1982). The district court properly restricted the testimony of the witnesses to avoid the danger of unfair prejudice. We find no abuse of the district court's exercise of discretion.

Accordingly, finding no error or abuse of discretion, we affirm the district court.

AFFIRMED.