687 So.2d 838 (1996)
Thomas WILLIAMS, Appellant,
v.
Cal HENDERSON, as Sheriff of Hillsborough County, Appellee.
No. 96-01163.
District Court of Appeal of Florida, Second District.
December 18, 1996.
Raymond T. Elligett, Jr., Donna S. Koch of Schropp, Buell & Elligett, P.A., Tampa, Kenneth W. Mastrilli of Personal Injury Law Center, P.A., Tampa, for Appellant.
E. Michael Gillick and Nicole E. Weiss of Gillick & Wenner, Tampa, for Appellee.
WHATLEY, Judge.
Thomas Williams appeals a final summary judgment entered in favor of Cal Henderson, the Sheriff of Hillsborough County (sheriff), based on Williams' failure to comply with the notice requirements of section 768.28, Florida Statutes (1989), the waiver of sovereign immunity statute. We reverse.
Williams filed an action against the sheriff alleging false arrest and imprisonment. The incident was alleged to have occurred on or about August 17, 1990. Williams filed an amended complaint on September 17, 1993. The summary judgment was entered on February 12, 1996.[1]
Section 768.28(6)(a) provides that before an action may be instituted against the state or one of its subdivisions, notice of the claim must be made in writing to the appropriate agency and the Department of Insurance within three years after the claim accrues. Williams sent three separate notices of claim seeking to comply with section 768.28(6)(a), *839 but only the notice of claim dated July 21, 1993, was referenced in the amended complaint.[2] That notice provided the name of the claimant and the date of the incident. It also cited the applicable statute and made a monetary demand.
The issues in this appeal are whether the notice of claim was sufficient and, if so, whether Williams' failure to wait six months after sending the notice violated a condition precedent to filing this action. The sheriff asserted in his motion for summary judgment that Williams' notice of claim was deficient because it did not provide Williams' date and place of birth and social security number as required by section 768.28(6)(c), Florida Statutes (1991). This case is governed by the 1989 version of that statute, however, because the cause of action accrued on August 17, 1990. See Hattaway v. McMillian, 903 F.2d 1440 (11th Cir.1990); Dep't of Transp. v. Soldovere, 519 So.2d 616 (Fla.1988). The 1989 version of section 768.28(6) does not specify what information must be provided when a claimant submits a written notice of claim. The statute is a notice statute, and Williams gave adequate, albeit sparse, notice. It would have been prudent for Williams to provide more specific information regarding his claim, but it is not mandatory.
Williams would have prevailed on this issue even under the 1991 version of the statute. Although section 768.28(6)(c), Florida Statutes (1991), requires the claimant to provide his date and place of birth and his social security number, as well as other information, it is not necessary that he do so in his notice. Section 768.28(6)(d) provides as follows: "For purposes of this section, complete, accurate, and timely compliance with the requirements of paragraph (c) shall occur prior to settlement payment, close of discovery or commencement of trial, whichever is sooner...." There obviously was no settlement payment or commencement of trial in this case, and there is no record evidence that discovery was completed. Further, it appears Williams supplied his date and place of birth and social security number to the sheriff in answers to interrogatories sent on July 1, 1994.
The remaining issue centers on the timing of the filing of Williams' amended complaint. Section 768.28(6), Florida Statutes (1989), states:
(a) ... The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed a final denial of the claim for purposes of this section....
(b) For purposes of this section, the requirements of notice to the agency and denial of the claim are conditions precedent to maintaining an action....
Williams' amended complaint was filed less than six months after the July 21, 1993 notice of claim. The amended complaint was also filed before any denial of claim was received. Nevertheless, this is not fatal to Williams' action.
Hattaway and Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir.1987), have addressed this issue. Both cases have held, and we agree, that failure to wait six months to file suit after giving notice does not mandate a dismissal.[3] The Fitzgerald court explained its holding as follows:
The purpose of section 768.28(6) is to provide the state and its agencies with sufficient notice of claims filed against them It is clear that on these facts, both Sheriff McDaniel and the Department of Insurance had ample time to respond to Fitzgerald's claim. Although Fitzgerald failed to wait six months to file this action, more than six months elapsed before the district court finally disposed of the issue. Since Sheriff McDaniel was duly notified of Fitzgerald's claims and had time to respond, *840 the purpose underlying section 768.28(6) was adequately served.
833 F.2d at 1519.
The sheriff and the trial court relied on Levine v. Dade County School Board, 442 So.2d 210 (Fla.1983). Levine is distinguishable in that no notice of claim whatsoever was given during the three-year period after the cause of action accrued. Lack of such notice within the applicable three-year period to the appropriate agency and the Department of Insurance does constitute the failure to satisfy a condition precedent.
Accordingly, we reverse the final summary judgment and remand for reinstatement of Williams' amended complaint.
THREADGILL, C.J., and BLUE, J., concur.
NOTES
[1] Williams' appellate counsel did not represent Williams at trial.
[2] Thus, if Williams' notice(s) were defective, the three-year period from the date the claim accrued would have expired when summary judgment was entered, and leave to file a proper notice would have been pointless.
[3] The sheriff does not allege that the notice was not received. In Hattaway v. McMillian, 903 F.2d 1440 (11th Cir.1990), suit was filed the day after notice was given. Hattaway cited Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir.1987), with approval.