NATIONAL COALITION FOR STUDENTS WITH DISABILITIES, Education, Legal Defense Fund, et al., Plaintiffs,

v.

Jeb BUSH, etc., et al., Defendants.

No. 4:00–CV–442.

United States District Court,
N.D. Florida,
Tallahassee Division.

Feb. 20, 2001.

Bruce Alexander Minnick, John Alexander Minnick, Bruce A. Minnick PA, Tallahassee, FL, Michael J. Beattie, Fairfax, VA, Thomas Robert Moore, Tom R. Moore, PA, Tallahassee, FL, for plaintiffs.

George N. Meros, Jr., Gray Harris & Robinson PA, Tallahassee, FL, for Jeb Bush.

Alvin F. Lindsay, III, Walter James Harvey, Steel Hector & Davis, Miami, FL, for Katherine Harris and Clay Roberts.

### ORDER DENYING MOTION TO DISMISS

HINKLE, District Judge.

Plaintiffs are disabled individuals and an association that represents them. They assert the State of Florida has violated and is continuing to violate provisions of the National Voter Registration Act, 42 U.S.C. § 1973gg, that address registration of voters with disabilities, as well as other provisions of the Constitution and laws addressing voting rights. Plaintiffs have named as defendants Governor Jeb Bush, Secretary of State Katherine Harris, and Director of the Division of Elections Clay Roberts. Plaintiffs seek declaratory and injunctive relief against these defendants in their official capacities and damages against these defendants in their individual capacities.

Defendants Harris and Roberts have moved to dismiss. They assert that plaintiffs have failed to state a claim under the National Voter Registration Act because the Act does not require the actions plaintiffs allege it requires or authorize the injunctive or declaratory relief plaintiffs demand, that plaintiffs' claims are barred by the Eleventh Amendment and sovereign immunity, that plaintiffs' claims for damages are barred by the doctrine of qualified immunity, that plaintiffs lack standing, and that plaintiffs have failed to

join indispensable parties. Defendants do not assert, as a basis for the motion to dismiss, that the National Voter Registration Act creates no private right of action for damages. I deny the motion to dismiss.

### Failure to State a Claim

Defendants assert the amended complaint fails to state a claim because plaintiffs allege the National Voter Registration Act requires actions that the Act does not in fact require. Defendants also assert the amended complaint fails to state a claim because plaintiffs demand injunctive and declaratory relief beyond that authorized by the Act.

■ A motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint. *See, e.g., Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir. 1994).

■ In the case at bar, plaintiffs allege that the State of Florida has violated various requirements of the National Voter Registration Act. Thus, for example, the Act requires that each state "designate as voter registration agencies ... all offices in the State that provide State-funded programs primarily engaged in providing services to persons with disabilities." 42 U.S.C. § 1973gg-5(a)(2)(B). Plaintiffs allege the State of Florida has violated this provision. Plaintiffs also allege that the defendants are the state officials whose duties encompass these matters and who appropriately should be ordered to bring the state into compliance.

The National Voter Registration Act expressly creates a private right of action for enforcement of its provisions. *See* 42

U.S.C. § 1973gg 9(b). Under the *Hunnings* standard, plaintiffs' allegations easily state a claim.

 Nor is dismissal of the amended complaint an appropriate remedy for any excessiveness of plaintiffs' description of the declaratory and injunctive relief they seek. The National Voter Registration Act plainly authorizes declaratory and injunctive relief in a private enforcement action such as the case at bar. *See* 42 U.S.C. § 1973gg–9(b). Thus plaintiffs' amended complaint, to the extent it seeks declaratory and injunctive relief, states a claim. Plaintiffs have not sought to strike any specific portion of the demand for declaratory and injunctive relief (presumably because no purpose would be served by attempting to litigate at this stage the precise terms of any relief that might ultimately be awarded), nor have defendants asserted the amended complaint fails to state a claim for damages.[1]

In sum, the assertion that the amended complaint fails to state a claim is incorrect.[2]

### Eleventh Amendment and Sovereign Immunity

 Defendants assert the combined force of the Eleventh Amendment and sovereign immunity bar this action. *See generally Alden v. Maine,* 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). But this is neither an action against the State of Florida in its name nor an action seeking retrospective relief from the state treasury. Instead, plaintiffs seek prospective relief against the defendant state officials in their official capacities and damages against the defendants in their individual capacities.

Under *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), and its progeny, the Eleventh Amendment does *not* bar an action against a state officer in his or her official capacity seeking prospective injunctive relief (subject to qualifications not relevant here). Plaintiffs' claims in the case at bar for prospective relief against the defendant officials are squarely

1. Because defendants have failed to raise the issue in the instant motion, I do not address at this time the question whether a plaintiff may bring a private action for damages based on violations of the National Voter Registration Act, whether under 42 U.S.C. § 1983 or otherwise. The National Voter Registration Act creates a private right of action "for declaratory or injunctive relief" with no mention of any right of action for damages. 42 U.S.C. § 1973gg–9(b). Ordinarily, "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). When there is state action—and thus a possible right of action for damages under § 1983—additional considerations also inform the analysis. *See generally Blessing v. Freestone,* 520 U.S. 329, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997); *Golden State Transit Corp. v. Los Angeles,* 493 U.S. 103, 110 S.Ct.

444, 107 L.Ed.2d 420 (1989); *Smith v. Robinson,* 468 U.S. 992, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984); *Middlesex County Sewerage Auth. v. National Sea Clammers Assn.,* 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981); *Maine v. Thiboutot,* 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); *Johnson v. City of Fort Lauderdale,* 148 F.3d 1228 (11th Cir. 1998).

2. The amended complaint includes allegations that defendants have made misrepresentations concerning Florida's compliance with the Act. Defendants assert the amended complaint fails to allege such fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and that the amended complaint therefore should be dismissed. The amended complaint does not, however, attempt to state a claim for fraud. Particular or not, the fraud allegations do not affect the issue of whether the amended complaint's other, more germane allegations state a claim.

authorized by *Ex Parte Young*.[3]

Plaintiffs also seek damages against the defendants in their individual capacities. In their individual capacities, defendants have neither Eleventh Amendment nor sovereign immunity. *See, e.g., Alden v. Maine*, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *Jackson v. Georgia Dept. of Trans.*, 16 F.3d 1573 (11th Cir. 1994); *Fitzgerald v. McDaniel*, 833 F.2d 1516 (11th Cir.1987).

Thus the doctrines of Eleventh Amendment and sovereign immunity do not bar this action.

### Qualified Immunity

■ State officials who are sued for damages in their individual capacities do, however, have *qualified* immunity. Under the doctrine of qualified immunity, officials cannot be held liable unless their actions violated clearly established law. Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *see generally Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146 (11th Cir.1994) (en banc).

■ In the case at bar, plaintiffs allege that defendants violated clearly established law, that is, clear and express requirements of the National Voter Registration Act. Accepting as true the facts alleged by plaintiffs, qualified immunity would not shield the defendants from liability from damages for violating these clear and express provisions of the Act, assuming a private right of action for damages exists at all.[4]

Thus, to the extent plaintiffs allege that defendants violated clear and express provisions of the National Voter Registration Act, their claim for damages against defendants in their individual capacities is not barred by the doctrine of qualified immunity.

### Standing

■ When a defendant moves to dismiss for lack of standing, plaintiff's factual allegations regarding standing are of course taken as true, just as occurs when a defendant moves to dismiss a complaint for failure to state a claim. The Eleventh Circuit has said this rule can be "nicely summarized" as follows:

> [A] defendant's challenge to a plaintiff's standing can take two forms: a motion to dismiss, which is based exclusively on plaintiff's pleadings, and a motion for summary judgment, in which evidence, not pleadings, pertinent to standing are evaluated by the district court. In both instances, disputed facts must be construed in the light most favorable to plaintiff.

*Bischoff v. Osceola County, Florida*, 222 F.3d 874, 878 (11th Cir.2000) (bracketing in original), *quoting Haase v. Sessions*, 835 F.2d 902, 904 (D.C.Cir.1987).

■ In the case at bar, the individual plaintiffs have alleged that they are disabled and that defendants' violations of the provisions of the National Voter Registration Act regarding disabled voters "creat-

---

**3.** Defendants' assertion that injunctive relief against state officials is barred if it would have an ancillary or incidental effect on the state treasury is plainly unfounded. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

**4.** *See* footnote 1 *supra*. Plaintiffs have not, however, identified any *other* clearly established law that defendants allegedly violated. Plaintiffs' claim for damages thus depends entirely on the proposition that a private right of action exists for violations of the National Voter Registration Act.

ed, caused and contributed to" plaintiffs' inability to register to vote and failure to vote in the 2000 national election. That obviously is a sufficient allegation of standing.

 The associational plaintiff—the National Coalition for Students with Disabilities Education and Legal Defense Fund—alleges it is a non-profit corporation whose members include disabled students and that its mission includes· "improving the educational opportunities and enforcing the legal rights of students with disabilities." Amended Complaint at 4 ¶ 5. Such an association has standing to assert the pertinent rights of its members. *See, e.g., Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977) ("we have recognized that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit"); *International Union, UAW v. Brock,* 477 U.S. 274, 289, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986) (upholding associational standing and recognizing that an organization's ability to "draw upon a pre-existing reservoir of expertise and capital . . . . can assist both courts and plaintiffs"; also recognizing that the primary reason people join an organization is "to create an effective vehicle for vindicating interests that they share with others," thus providing "some guarantee that the association will

work to promote their interests"); *Doe v. Stincer,* 175 F.3d 879 (11th Cir.1999).[5]

In sum, the motion to dismiss for lack of standing is unfounded.

### Indispensable Parties

 Finally, defendants assert that plaintiffs have failed to join various indispensable parties. Thus defendants assert, for example, that to the extent plaintiffs challenge the failure of universities or disability program offices to provide voter registration services, they must sue the appropriate university officials or disability program officials. Defendants also assert that some of the actions plaintiffs challenge involve functions performed by county, not state, elections officers, and that the county elections officials thus must be joined.

The answer to this contention is that plaintiffs have alleged violations by the present defendants—Mr. Bush, Ms. Harris and Mr. Roberts—of federal laws applicable to matters within the control of these defendants. If plaintiffs prove violations by these defendants with respect to matters within their control, plaintiffs presumably will be entitled to relief. Full and effective relief can be granted against these defendants with respect to matters within their control.

To the extent plaintiffs complain only of matters not within these defendants' control, they will not prevail.

In short, if plaintiffs establish violations by these defendants, full and effective relief will be available against these defendants. If plaintiffs do not establish violations by these defendants, they will not prevail. Other state or county officials

---

**5.** This does not mean that the association would have the right to pursue its members' claims for damages. *See Warth v. Seldin,* 422 U.S. 490, 515–16, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (denying association standing to recover damages on behalf of its members where damages were not common to entire membership nor shared by all to equal degree).

who may or may not have committed other violations are not indispensable parties to this litigation. *See, e.g., Harman v. Forssenius*, 380 U.S. 528, 85 S.Ct. 1177, 14 L.Ed.2d 50 (1965) (holding that where the basic aim of the lawsuit challenging Virginia's voting qualification requirements was to secure relief which defendant state board of elections was clearly capable of effecting, local registrars were not indispensable parties); *International Union, UAW v. Brock*, 477 U.S. 274, 106 S.Ct. 2523, 91 L.Ed.2d 228 (1986).

### Conclusion

For these reasons,

IT IS ORDERED:

The motion (document 31) of defendants Harris and Roberts to dismiss the amended complaint is DENIED.