917 So.2d 253 (2005)
Marie ARISTIDE, etc., et al., Appellants,
v.
JACKSON MEMORIAL HOSPITAL, Carol Murphy, M.D., and Gustavo J. Moreno III, M.D., etc., Appellees.
No. 3D05-465.
District Court of Appeal of Florida, Third District.
December 14, 2005.
*254 McKenzie & Associates and Orville McKenzie, for appellants.
Murray A. Greenberg, Miami-Dade County Attorney and Stephen A. Stieglitz, Assistant County Attorney, for appellees.
Before FLETCHER, SHEPHERD, and SUAREZ, JJ.
SUAREZ, J.
Appellant, Marie Aristide ("Aristide"), appeals the trial court's order dismissing her complaint with prejudice for failure to file within the required statute of limitations. We affirm the trial court's order.
On April 29, 2004, Aristide filed a medical malpractice claim. Her complaint alleges that, on January 6, 1991, she gave birth at Jackson Memorial Hospital to Immacula LaFortune and that, due to medical malpractice, Immacula now suffers from cerebral palsy.
The statute of limitations applicable to this case is set forth in section 95.11 of the Florida Statutes:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued, except that this 4-year period shall not bar an action brought on behalf of a minor on or before the child's eighth birthday....
In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred....
§ 95.11(4)(b), Fla. Stat. (1993) (emphasis added).
Aristide concedes that the suit was not commenced within the statute's seven-year time limitation. She claims that she failed to discover the reason for her *255 daughter's cerebral palsy within that time period due to the defendant doctors' misrepresentation of the cause of her daughter's injuries. She argues that the court, therefore, should extend the time for filing based on either the doctrine of contra non valentem or the doctrine of continuing tort. Neither doctrine is applicable.
The trial court did not err by refusing to apply the equitable doctrine of contra non valentem in this case. Contra non valentem is a Louisiana jurisprudential doctrine which means that "prescription does not run against a person who could not bring his suit." Carter v. Haygood, 892 So.2d 1261 (La.2005). Because Louisiana did not have a statute of repose in medical malpractice cases until 1975, the courts would apply the doctrine where an action was not commenced within the statute of limitations due to a doctor's alleged misrepresentation as to the cause of the injury. Indeed, Louisiana's codification of a statute of repose has called into question the doctrine's continuing validity in medical malpractice cases. See Carter v. Haygood, 892 So.2d at 1270 n. 7 (noting that the continuing applicability of the contra non valentem doctrine in Louisiana is questionable in light of that state's three-year statute of repose); Chaney v. State, 432 So.2d 256 (La.1983) (same). The doctrine is inapplicable here because Florida law provides for a statute of repose that specifies the time limit for filing a medical malpractice suit. Section 95.11(4)(b) provides litigants with a maximum period of seven years from the date of the injury to commence a medical malpractice case. The statute bars actions filed outside that time period even if the malpractice was not timely discovered due to fraud or concealment. Carr v. Broward County, 541 So.2d 92 (Fla.1989) (holding that parents' medical malpractice action was barred because it was filed outside the statute of repose even though the parents claimed that they could not have discovered earlier that the medical care could have caused their child's severe mental retardation); Univ. of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991) (holding that the statute of repose barred parents' suit for negligent administration of cancer treatment even though the doctor fraudulently told them that their son's coma and paralysis resulted from other causes). As Florida's statute of repose provides a time limitation for medical malpractice that was not discovered due to fraud or concealment, the trial court correctly refused to apply the equitable doctrine of contra non valentem.
The doctrine of continuing tort is also inapplicable. No Florida appellate court has applied the continuing tort doctrine to medical malpractice cases. Additionally, Aristide does not allege that there is a continuing relationship between Immacula and the defendant doctors. Therefore, Aristide failed to sufficiently allege a continuing tort. See Pearson v. Ford Motor Company, 694 So.2d 61 (Fla. 1st DCA 1997) (holding that the jury must decide whether a continuing tort occurred where the plaintiff alleged that the defendant continued to make false representations); Gomez v. Carnival Cruise Lines, Inc., 595 So.2d 227 (Fla. 3d DCA 1992) (affirming summary judgment where the facts did not make out a continuing tort when viewed in the light most favorable to the plaintiff). Therefore, the trial court was correct in finding the continuing tort doctrine to be inapplicable.
We need not reach the other issues raised by appellees, that the order dismissing the complaint should be affirmed because Aristide failed to follow procedural pre-suit requirements and the suit is barred by sovereign immunity, because the suit was clearly filed outside the statutorily *256 prescribed time limits and is, therefore, barred.
We affirm the trial court's order dismissing the complaint.