[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-16251

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00190-CV-2

JOHN W. ODUM,

                                        Plaintiff-Appellee,

        versus

RAYONIER, INCORPORATED,
STEVE WORTHINGTON,
JOHN ENLOW,
DON RAY,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(August 7, 2008)**

Before EDMONDSON, Chief Judge, BLACK and FARRIS,[*] Circuit Judges.

_____

[*]Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

John W. Odum ("Plaintiff") filed this action against Rayonier, Inc., Steve Worthington, John Enlow, Don Ray, and John Doe (collectively "Defendants"), pursuant to 42 U.S.C. § 1985(2), alleging that Defendants conspired to deter him from testifying truthfully in federal court and to retaliate against him after he testified. Before trial, the district court dismissed Plaintiff's deterrence claim as untimely. Following a jury trial, judgment against Defendants was entered on the retaliation claim. We affirm.

## Background

Plaintiff began his employment with Rayonier in 1973. Although Plaintiff's job title changed over the years, Plaintiff's employment regularly consisted of bidding on timber to purchase on Rayonier's behalf.

In 1999, a third-party wood producer sued Rayonier for alleged breach of contract. At trial, Plaintiff gave damaging testimony against Rayonier. In October 2000, a jury verdict was rendered against Rayonier for approximately $1.2 million. Rayonier ultimately settled the case in January 2001.

Plaintiff asserts that Defendants began their alleged retaliatory acts in the Fall of 2001. Plaintiff argues that the steps that led directly to the injuries in this case began after Worthington, Director of Rayonier's Southeast Wood Procurement business unit, promoted Defendant John Enlow to a newly created supervisory position over Defendant Ray (Plaintiff's immediate supervisor) and Plaintiff. Although Defendants suggested at trial that Enlow was brought in to provide "leadership," Plaintiff contends that Enlow's efforts to eradicate "cynicism" in the division were code for retaliating against Plaintiff for providing testimony that hurt Rayonier's interests. The specific retaliatory acts alleged by Plaintiff include these acts: (1) ordering him to move his home closer to his office (even though he was already living in the area where he bought timber); (2) providing him with a negative employment evaluation; (3) establishing unreasonable requirements for performance improvement; and (4) fabricating additional transgressions.[1]

Plaintiff contends that he suffered a nervous breakdown as a result of Defendants' retaliatory acts. According to Plaintiff, it was undisputed at trial that Plaintiff is permanently and totally disabled. Plaintiff's condition has been

---

[1]According to Defendants, Plaintiff used foul language and disregarded Rayonier's policy prohibiting personal use of the company pickup truck.

diagnosed as "major depressive disorder, severe" and post-traumatic stress disorder. Plaintiff has suffered, among other things, these physical ailments: chest pain, impaired sleep, and digestive problems.

Plaintiff filed this civil action in December 2004 against Defendants pursuant to 42 U.S.C. § 1985(2) and Georgia tort law. Plaintiff alleged that Defendants (1) conspired to deter him from testifying truthfully and (2) conspired to retaliate against him for testimony in a trial in federal court. Defendants filed a motion for summary judgment.

The district court dismissed Plaintiff's claim that Defendants conspired to deter him from testifying as one barred by the statute of limitations. The district court also dismissed Plaintiff's Georgia tort claim in its entirety. Plaintiff has not appealed either ruling. The district court did conclude, however, that sufficient issues of material fact on Plaintiff's section 1985(2) retaliation claim existed to allow the retaliation claim to survive summary judgment.

The case was tried to a jury; and the jury returned a verdict for Plaintiff on his claim for retaliation. Defendants filed a renewed motion for judgment as a matter of law or, in the alternative, motion for new trial. The district court denied Defendants' motions; and Defendants appealed.

Discussion

Defendants argue that the judgment in this case must be reversed on these grounds: (1) the intracorporate conspiracy doctrine applies; (2) Plaintiff's claim is barred by the statute of limitations; and (3) the evidence presented at trial was insufficient. After a review of the record, we see no reversible error.[2]

We agree with the district court's conclusion that the intracorporate conspiracy doctrine does not apply here. Although the acts of corporate employees generally cannot form the basis of a conspiracy claim, we have held that the intracorporate conspiracy doctrine does not apply where Defendants' alleged acts amount to a criminal conspiracy. McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1036 (11th Cir. 2000) (en banc).

To conspire to retaliate against a witness by causing "bodily injury" to that person for testifying in an official proceeding is a federal crime. 18 U.S.C. §§ 1513(b), (f). Bodily injury is, among other things, "physical pain" or an

---

[2]A JNOV "should only be entered if, in viewing all the evidence and construing all inferences in a light most favorable to the nonmoving party, the Court finds no reasonable juror could have reached the verdict returned." FDIC v. Stahl, 89 F.3d 1510, 1514 (11th Cir. 1996). This Court is bound by the jury's findings unless Defendants show the absence of probative facts to support those findings. Fitzgerald v. McDaniel, 833 F.2d 1516, 1519 (11th Cir. 1987).

5

"impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1515(5)(B), (D).

Here, Plaintiff presented evidence at trial that Defendants' retaliatory acts caused him bodily injury. Acts indicate the intention. As a result of those acts, Plaintiff suffered a mental breakdown and experienced, among other things, chest pain, impaired sleep, reduction in appetite, and digestive problems. Because Plaintiff's allegations form the basis of a criminal conspiracy, we conclude that the McAndrew exception to the intracorporate conspiracy doctrine applies.

We also conclude that a jury could have found that Plaintiff reasonably was unaware of Defendants' conspiracy to retaliate until the meeting of 13 December 2002.[3] Although Plaintiff was given his first unfavorable review in March 2002, a reasonable jury could have concluded that Plaintiff thought his twenty-seven year career could have been saved by hard work and that it was not until he received yet another poor rating—this time for (as Plaintiff saw it) pretextual reasons—that Plaintiff must have been aware of the conspiracy. As such, Plaintiff's claim is not barred by the statute of limitations.

---

[3]The complaint here was filed on 9 December 2004. The applicable statute of limitations is two years. Rozar v. Mullis, 85 F.3d 556, 560-61 (11th Cir. 1996). "[T]he statute [of limitations] does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id., at 561-62 (internal quotation marks omitted) (alteration in original).

We also conclude that the evidence was sufficient to support the claim for conspiracy to retaliate.

AFFIRMED.