DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SEMINOLE TRIBE OF FLORIDA** d/b/a
**SEMINOLE HARD ROCK HOTEL & CASINO – HOLLYWOOD,**
Appellant,

v.

**JOSEPHINE PUPO,**
Appellee.

No. 4D2023-0437

[December 20, 2023]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE22-013372.

Mark David Schellhase, Jordan S. Kosches, and Emily L. Pineless of GrayRobinson, P.A., Boca Raton, for appellant.

Douglas F. Eaton and Daniel R. Schwartz of Eaton & Wolk, PL, Miami, for appellee.

GROSS, J.

The Seminole Tribe of Florida (the "Tribe") appeals an order denying its motion to dismiss a casino patron's tort action based on sovereign immunity. We affirm.

Appellee, a casino patron (the "patron"), sued the Tribe pursuant to the 2010 Gaming Compact (the "Compact") between the Tribe and the State of Florida, authorized by section 285.710, Florida Statutes (2023). Among other terms, the Compact authorizes the Tribe to operate gambling on tribal land, creates a limited waiver of tribal immunity, and defines the procedure and notice requirements for bringing tort claims against the Tribe.

Relevant to this case is that the Compact provides generally for a patron to wait one year to file a tort claim against the Tribe after the patron provides the requisite written notice. This one-year period anticipates good faith review and negotiation of the claim among the patron, the Tribe,

and the Tribe's insurer. Also relevant here is that the patron filed multiple complaints, the first of which was *within* the one-year period, giving rise to the Tribe's sovereign immunity-based motion to dismiss the action as premature.

### *The Complaints*

On April 20, 2021, the patron provided the Tribe with a timely written notice of a premises liability claim. On May 3, 2021, the Tribe responded and formally acknowledged the claim, giving insurance information.

In February 2022, the patron filed a complaint in circuit court, but the following month voluntarily dismissed it without prejudice and without comment.

The patron refiled the complaint in September 2022. The Tribe moved to dismiss the complaint based on sovereign immunity, arguing that the new lawsuit was barred because the patron prematurely filed the initial February 2022 suit, before the one-year mandatory wait period expired. The circuit court denied the Tribe's motion.

On appeal, the Tribe contends that the patron's early filing and dismissal of the first lawsuit "forever barred" the claim against the Tribe under the Compact.

### *The Compact*

The parties agree that this case is governed by Part VI, Section D of the Compact, which creates a limited waiver for patron tort claims at tribal facilities and defines the procedure for bringing such claims. In pertinent part, the Compact reads:

> D. Tort remedies for Patrons.
>
> 1. A Patron who claims to have been injured . . . is required to provide written notice to the Tribe's Risk Management Department or the Facility, in a reasonable and timely manner, but in no event later than three (3) years after the date of the incident giving rise to the claimed injury occurs, or the claim **shall be forever barred**.
>
> 2. The Tribe shall have thirty (30) days to respond to a claim made by a Patron. **If the Tribe fails to respond within thirty (30) days, the Patron may file suit against the Tribe**. When

2

the Tribe responds to an incident alleged to have caused a Patron's injury or illness, the Tribe shall provide a claim form to the Patron. The form must include the address for the Tribe's Risk Management and provide notice of the Tribe's administrative procedures for addressing Patron tort claims, **including notice of the relevant deadlines that may bar such claims if the Tribe's administrative procedures are not followed**. It is the Patron's responsibility to complete the form and forward the form to the Tribe's Risk Management Department within a reasonable period of time, and in a reasonable and timely manner. Nothing herein shall interfere with any claim a Patron might have arising under the Federal Tort Claim Act.

3. Upon receiving written notification of the claim, the Tribe's Risk Management Department shall forward the notification to the Tribe's insurance carrier . . .

4. The insurance carrier will handle the claim to conclusion. If the Patron and the Tribe and the insurance carrier are not able to resolve the claim in good faith within one (1) year after the Patron provided written notice to the Tribe's Risk Management Department or the Facility, the Patron may bring a tort claim against the Tribe. . . . **A Patron's notice of injury to the Tribe pursuant to Section D.1. of this Part and the fulfillment of the good faith attempt at resolution pursuant to Sections D.2. and 4. of this Part are conditions precedent to filing suit.**

5. For tort claims of Patrons made pursuant to Section D. of this Part, the Tribe agrees to waive its tribal sovereign immunity to the same extent as the State of Florida waives its sovereign immunity, as specified in sections 768.28(1) and (5), Florida Statutes . . .

6. **Notices** explaining the procedures and time limitations with respect to making a tort claim shall be prominently displayed in the Facilities, posted on the Tribe's website, and provided to any Patron for whom the Tribe has notice of the injury or property damage giving rise to the tort claim. **Such notices shall explain** the method and places for making a tort claim, including where the Patron must submit the form, that the process is the exclusive method for asserting a tort claim arising under this section against the Tribe, that the Tribe and

3

its insurance carrier have one (1) year from the date the Patron gives notice of the claim to resolve the matter and after that time the Patron may file suit in a court of competent jurisdiction, that the exhaustion of the process is a prerequisite to filing a claim in state court, **and that claims that fail to follow this process shall be forever barred**.

(Emphasis supplied).

We recently issued two opinions outlining the Tribe's history of immunity and addressing this Compact, but we decide this case on a point those decisions expressly declined to reach because of issues involving the sufficiency of the *patron's* notice to trigger the waiver. *See Seminole Tribe of Fla. v. Webster*, 372 So. 3d 287, 292 (Fla. 4th DCA 2023); *Seminole Tribe of Fla. v. Manzini*, 361 So. 3d 883, 887–88 (Fla. 4th DCA 2023).

### *Discussion*

Even though the patron's second lawsuit was filed over a year after the written notice of claim, the Tribe contends that suit was "forever barred" because the initial February 2022 suit was filed before the mandatory one-year waiting period had expired.

The Compact does not provide for such a draconian procedural mechanism.[1] Section VI.D.1 states that a claim shall be "forever barred" if a claimant fails to provide a written notice "in a reasonable and timely manner, but in no event later than three (3) years after the date of the incident." That provision does not apply here, because the patron's written notice to the Tribe was timely.

Nor does subsection VI.D.6 come into play. That section merely describes the *required content* of notices "explaining the procedures and time limitations with respect to making a tort claim" which "shall be prominently displayed in the Facilities, posted on the Tribe's website, and provided to any Patron for whom the Tribe has notice of the injury or property damage giving rise to the tort claim."

Section VI.D.4., which creates the one-year waiting period, does not state that a failure to meet that requirement "forever bars" a claim.

---

[1] Because we decide that the premature filing of the first lawsuit does not bar the second lawsuit under the terms of the Compact, we do not reach the issue of the legal effect of the Tribe's failure to file a proper response to the patron's notice of claim.

Instead, Section VI.D.4. explains that the pre-suit claim resolution process is a "condition precedent" to suit. A failure to comply with a condition precedent to suit typically results in the dismissal of a prematurely-filed suit, not a "forever" bar unless a statute of limitations or repose would preclude a newly-filed lawsuit. Here, where the Compact governs, it would have to clearly state that a premature filing does not invoke the Tribe's waiver of its tribal immunity and requires the action be dismissed and forever barred.

The Tribe cites several cases for the proposition that a claimant's failure to "strictly follow" the terms of an immunity waiver "results in sovereign immunity not being waived and mandates dismissal." However, those cases are distinguishable because they involve procedural defects other than a premature filing of a lawsuit, such as defective notice, failure to serve process, or untimely filing. *See, e.g.*, *Sampson v. City of Miami Gardens*, No. 13-24312-CIV, 2015 WL 11202372, at *2 (S.D. Fla. May 27, 2015) (granting summary judgment against plaintiffs on their state law claims because they did not strictly adhere to "the *notice requirements* set forth in Florida's sovereign immunity waiver statute" and were "precluded from correcting their oversight" because "discovery is now closed") (emphasis added); *Williams v. Miami-Dade Cnty.*, 957 So. 2d 52, 52 (Fla. 3d DCA 2007) (affirming directed verdict in County's favor and concluding that plaintiff's failure to "prove compliance with the *process service requirements* of section 768.28(7)" was "fatal to his action") (emphasis added); *Aristide v. Jackson Mem'l Hosp.*, 917 So. 2d 253, 255–56 (Fla. 3d DCA 2005) (affirming dismissal of complaint and concluding that "the suit is barred by sovereign immunity, because the suit was clearly filed outside the statutorily prescribed time limits").

The one-year waiting period the Tribe enjoys under the Compact is comparable to the six-month waiting period that applies under Florida's sovereign immunity statute. § 768.28(6)(a), (d), Fla. Stat. (2022) (requiring that, before instituting an action, the claimant must submit the claim in writing and receive a written denial, unless the agencies fail to act within six months, which is deemed a denial). In those cases, prematurity alone is not fatal to a claim. *See Williams v. Henderson*, 687 So. 2d 838, 839 (Fla. 2d DCA 1996) (explaining that "failure to wait six months to file suit after giving notice does not mandate a dismissal"); *see also City of Coconut Creek v. City of Deerfield Beach,* 840 So. 2d 389, 394 (Fla. 4th DCA 2003) (cataloging cases involving prematurity relevant to various statutes and noting that "where a legal action is prematurely taken, though the

condition precedent has been met, . . . if the mere passage of time will cure a defect, the action should be abated, not dismissed").[2]

Also, where, as here, the plaintiff prematurely files a complaint after proper notice, but the sovereign immunity waiting period passes before the court reaches a motion to dismiss on that basis, the defect is generally considered cured. *See, e.g., Fitzgerald v. McDaniel*, 833 F.2d 1516, 1519 (11th Cir. 1987) ("Although [plaintiff] failed to wait six months to file this action, more than six months elapsed before the district court finally disposed of the issue. Since [defendant] was duly notified of [plaintiff's] claims and had time to respond, the purpose underlying section 768.28(6) was adequately served.").

Based on the above, the trial court properly concluded that the patron met the conditions precedent to filing suit.

*Affirmed.*

CIKLIN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] In *City of Coconut Creek*, the plaintiff failed to comply with a land planning statute that required, as a condition precedent to suit, the complaining party to first file a verified complaint, within a specified time, with the local government against which the complaint was made. *Id.* at 391.