# Third District Court of Appeal

## State of Florida

Opinion filed October 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2078
Lower Tribunal No. 24-13133-CA-01
_____

## Florida Department of Transportation,
Appellant,

vs.

## Selvin Nicolas Reyes Henriquez,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles Kenneth Johnson, Judge.

The Foodman Firm, P.A., and Daniel Foodman, Eduardo J. Casal and Jessiya Joseph, for appellant.

Sodhi Spoont PLLC, and Eric M. Sodhi and Mauricio A. Torres, for appellee.

Before EMAS, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See Angrand v. Fox, 552 So. 2d 1113, 1115 (Fla. 3d DCA 1989) ("Mere prematurity, which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action. . . . Instead, the proper remedy is an abatement or stay of the claim for the period necessary for its maturation under the law."); Seminole Tribe of Fla. v. Pupo, 384 So. 3d 187, 191 (Fla. 4th DCA 2023) ("The one-year waiting period the Tribe enjoys under the Compact is comparable to the six-month waiting period that applies under Florida's sovereign immunity statute. § 768.28(6)(a), (d), Fla. Stat. (2022) (requiring that, before instituting an action, the claimant must submit the claim in writing and receive a written denial, unless the agencies fail to act within six months, which is deemed a denial). In those cases, prematurity alone is not fatal to a claim.") (citing Williams v. Henderson, 687 So. 2d 838, 839 (Fla. 2d DCA 1996) (explaining that "failure to wait six months to file suit after giving notice does not mandate a dismissal") and City of Coconut Creek v. City of Deerfield Beach, 840 So. 2d 389, 394 (Fla. 4th DCA 2003) (cataloging cases involving prematurity relevant to various statutes and noting that "where a legal action is prematurely taken, though the condition precedent has been met, . . . if the mere passage of time will cure a defect, the action should be abated, not

2

dismissed"))); see also Hattaway v. McMillian, 903 F.2d 1440 (11th Cir. 1990); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987).